UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISABEL FINLEY, | Index No. 1:25-cv-04383-JAV |
| *Plaintiff,* | |
| v. | |
| THOMAS PRZYBYLOWSKI, | |
| *Defendant.* | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO VACATE DEFAULT JUDGMENT**

Defendant Thomas Przybylowski ("Defendant") hereby submits this memorandum of law in support of his motion to vacate this Court's default judgment entered on October 14, 2025.

**PROCEDURAL BACKGROUND**

On May 23, 2025, Plaintiff filed her complaint *pro se* against Defendant. ECF 1. On July 23, 2025, Attorney Kristen Mohr emailed Plaintiff requesting a service waiver. After receiving no reply, Ms. Mohr emailed Ms. Finley again on July 31, 2025 requesting a service waiver. Ms. Finley responded on August 4, 2025, stating she would follow up with a service waiver "later in the week." Ms. Finley emailed Ms. Mohr on August 11, 2025, attaching the Complaint and a service waiver which provided 60 days to file an answer. The service waiver was executed by Attorney Andrew Miltenberg on August 11, 2025. Due to pure law firm error, the answer date of October 10, 2025 was not properly calendared within the law firm. The failure to timely submit an answer was not intentional nor willful, and was due to a simple human error.

**ARGUMENT**

I.   **Legal Standard**

Default judgment is an extreme sanction that is disfavored in the Second Circuit. "A court may vacate default judgment "for good cause" under Rule 55(c), or for any of the six enumerated bases listed under Rule 60(b): (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) fraud; (4) the judgment is void; (5) the judgment is moot or no longer equitable; and (6) "any other reason that justifies relief." In light of the lack of favor with which default judgments are viewed:

> "motions to vacate default judgments are to be granted liberally." Int'l Cargo & Sur. Ins. v. Mora Textiles Corp., 1991 U.S. Dist. LEXIS 8470, 1991 WL 120359, at *2 (S.D.N.Y. 1991); see also Standard Enterprises, Inc. v. Bag-It, Inc., 115 F.R.D. 38, 39 (S.D.N.Y. 1987) ("Rule 60(b) is its strongest in the context of setting aside default judgments . . . . 'There is much more reason for . . . reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits.'" (quoting C. Wright & A. Miller, 11 Fed. Prac. and Proc. § 2857, at 160 (1973))). "[A]ll doubts should be resolved in favor of those seeking relief." Davis v. Musler, 713 F.2d at 915. As a general limiting principle, "[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort which should only be imposed upon a serious showing of willful default." Id. at 916 (internal quotations and citations omitted).

Glob. Gold Min., LLC v Ayvazian, 983 F Supp 2d 378, 384 (SDNY 2013), affd in part, mod in part, 612 Fed Appx 11 (2d Cir 2015).

Fed.R.Civ.P. 55(c) requires "good cause" to set aside an entry of default. The determination of "good cause" requires the Court to exercise its discretion in considering three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." *Peterson v. Syracuse Police Dep't*, 467 Fed.Appx. 31, 33 (2d Cir.2012). "This test should be applied in the context of the general preference 'that litigation disputes be resolved on the merits, not on default.' " *Citadel Mgmt. Inc. v. Telesis Trust, Inc.*, 123 F.Supp.2d 133, 142 (S.D.N.Y.2000) (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); *accord, Westchester Fire*

*Ins. Co. v Tyree Serv. Corp.*, 304 FRD 111, 112 (EDNY 2014). These well established and non-controversial principles fully justify vacatur of the Default Judgment entered in this matter.

**II.    The Default at Issue Was Not Willful**

A court determining whether good cause exists to vacate default considers among things whether the default was willful. Peterson, supra. The Second Circuit has characterized "willfulness" in the default judgment context to mean conduct that is "deliberate, egregious, or evidencing bad faith." Careless or negligent errors by a defendant do not rise to the level of willfulness. *American Alliance Ins. Co. v. Eagle Insurance Company*, 92 F.3d 57, 61 (2d Cir. 1996). *See, also, Ayvazian, supra*, 983 F Supp. at 387 and cases cited therein ('willfulness' in the default context refers to conduct that is ... egregious and was not satisfactorily explained and not "merely negligent or careless.") Moreover, notwithstanding this generous standard, there is authority to the effect that default judgment may be vacated even where willfulness was present. *Wagstaff-El v. Carlton Press Company*, 913 F.2d 56, 57 (2d Cir.1990), cert. denied, 499 U.S. 929, 111 S.Ct. 1332, 113 L.Ed.2d 263 (1991) (upholding district court's decision to vacate default judgment even though movant's default was willful); *see also Kumar v. Ford,* 111 F.R.D. 34, 39-40 (S.D.N.Y.1986) (vacating default judgment even though default was willful).

In light of the judicial disfavor of default judgments and preference for deciding cases on their merits, examples of courts vacating defaults on the basis of law office failure to file responsive pleadings, such as that at issue here, are readily found. *See, e.g., Nelson v. Gleason*, No. 14-CV-870A, 2016 U.S. Dist. LEXIS 161886, at *10-11 (W.D.N.Y. Nov. 22, 2016) (willfulness not found where no answer was filed timely because counsel failed to calendar the deadline for filing answer, or where default resulted from a single, isolated act of law office failure); *Cruz v. TD Bank, N.A.,* No. 10-CV-8026, 2015 U.S. Dist. LEXIS 13789, at *6-7 (S.D.N.Y. Feb. 3, 2015) (willfulness not found where failure to file a pleading timely resulted from law office's "honest oversight" and the

general press of business); *Elexco Land Servs. v. Hennig*, No. 11-CV-214A, 2011 U.S. Dist. LEXIS 44207, at *3-4 (W.D.N.Y. Apr. 25, 2011) (setting aside default and finding mere carelessness rather than willfulness where counsel failed to file answer timely, proceedings were new and defendant garnered no advantage by not filing timely). Similarly, the error of Defendant's law firm in failing to properly calendar the deadline for the answer in this matter may not fairly be called willful, and yielded Defendant no litigation advantage. Accordingly, the Default Judgment ought to be vacated.

### III. Plaintiff Will in No Way Be Prejudiced by Vacatur of the Default Judgment

Possible prejudice to the non-defaulting party is another factor considered by courts in determining whether or not good cause exists to vacate default, *Peterson, supra*. A finding of "prejudice" in this context requires a showing of prejudice that "cannot be rectified in the Court in another manner were the default to be vacated." M*urray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 Civ. 52, 2013 WL 1809637 at 5 (S.D.N.Y. Apr. 30, 2013). To demonstrate prejudice, a party must establish "that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.' " *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1982) (quoting C. Wright, A. Miller and M. Kane, § 2699); *Ayvazian*, supra, 983 F Supp 2d at 387-88. Especially as this action is less than a year old and as no discovery has been taken, it is hard to see how the Plaintiff might reasonably be seen as prejudiced by the vacatur of Default Judgment sought here. Additionally, accompanying this motion is Defendant's Proposed Answer. Therefore, there has only been a four-day delay in Plaintiff receiving Defendant's Answer. Accordingly, that vacatur ought to be granted.

### IV. Defendant's Defense is Meritorious

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder

some determination to make.' *Anilina Fabricate de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)." *Eagle Ins., supra*, 92 F3d 57 at 61 (2d Cir 1996). Defendant claims that Plaintiff has fabricated the allegations against him, as demonstrated by Defendant's denial in his proposed answer. A factfinder might well conclude that allegations were fabricated years after the alleged incident due to a personal animus against Defendant. That such a determination might be reached provides sufficient basis for granting the present application, *Eagle Ins., supra*. Vacatur of the Default Judgment therefore ought to be granted.

### V.  Any Question as to The Propriety of Vacatur Ought to be Decided in Defendant's Favor

Finally, because an entry of default is generally disfavored, "any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also JXB 84 LLC v Loftis*, No. CV-15-5707, 2016 WL 4032643, at *1 (EDNY May 17, 2016).

### CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion to Vacate the Default Judgment.

**Dated: New York, New York**
　　　　October 14, 2025

                                            **NESENOFF & MILTENBERG, LLP**
                                            *Attorneys for Defendant*

                              **By:**　　/s/Andrew T. Miltenberg
                                            Andrew T. Miltenberg, Esq.
                                            Kristen Mohr, Esq.
                                            363 Seventh Avenue, 5th Floor
                                            New York, New York 10001
                                            (212) 736-4500
                                            amiltenberg@nmllplaw.com
                                            kmohr@nmllplaw.com