UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISABEL FINLEY,<br><br>*Plaintiff,*<br><br>v.<br><br>THOMAS PRZYBYLOWSKI,<br><br>*Defendant.* | Index No. 1:25-cv-04383-JAV |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO SEAL COURT RECORD**

Defendant Thomas Przybylowski ("Defendant"), by his undersigned counsel, respectfully moves this Court pursuant to Section 10.C of Honorable Jeannette A. Vargas' Individual Rules for an order sealing the Court record and replacing Defendant's name with the pseudonym "John Doe." Given that this is a matter of purely private concern, combined with Defendant's recent employment termination as a result of Plaintiff's salacious allegations, Defendant respectfully requests that the Court seal the docket in this matter, which, given the extremely early stage of this action consists solely of the Complaint, Answer and related initiating documents.

**I.    Legal Standard**

Courts "have long recognized the 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "The 'right to inspect and copy judicial records is not absolute,' however, and a court may exercise its 'supervisory power over its own records and files' to deny access 'where court files might have become a vehicle for improper

1

purposes.'" *Id.* (quoting *Nixon*, 435 U.S. at 598, 98 S.Ct. 1306). As the Complaint is a judicial document, there is a presumption of access secured by the First Amendment and the common law. *Id.* at 141.

Under the First Amendment, those proposing sealing need to demonstrate that closure is necessary to preserve higher values and is narrowly tailored to serve that value. *Id.* at 144. Under the common law, "the presumption is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts, balanced against competing considerations such as privacy interests of those resisting disclosure." *Id.* at 142. Thus, regardless of whether the First Amendment or the common law is considered, both tests envision a balance of public interests in an open judiciary versus private interests in the maintaining the privacy of personal concerns.

## ARGUMENT

**I.    Defendant Has Demonstrated Good Cause to Seal the Record**

Defendant has demonstrated sufficient grounds to seal the initiating documents in this case pending this Court's granting of Defendant's Motion to Proceed by Pseudonym, given that Defendant's privacy interests in this case predominate the presumption that judicial records be open to the public. Plaintiff's Complaint by its very nature contains details of a highly sensitive and intimate nature—namely false allegations of sexual assault. Plaintiff does not simply highlight that the disclosure of his name would result in public humiliation or embarrassment. Rather, Plaintiff highlights the extremely sensitive nature and privacy issues that could be associated with being wrongfully linked to allegations of sexual assault[1]. Indeed, as of October 13, 2025, Defendant has already been terminated from his employment with a law firm as a result of

---

[1] See Defendant's Motion to Proceed by Pseudonym, filed simultaneously with the instant motion.

2

Plaintiff's Complaint. Further dissemination of Defendant's identity contained in portions of the court record will render it nearly impossible for Defendant to obtain employment in the legal industry.

It is important to note that this is not the type of case, like *Bernstein*, which involves allegations as to public corruption, which are of obvious interest to the general public. Rather, this case consists of allegations of sexual assault and harassment which are both highly sensitive and uniquely private to the parties. Therefore, the public's interest in maintaining the open nature of this action is limited to its interest in maintaining the openness of any action and there is no further interest specific to this case.

Although judicial decisions approving the sealing of an action are by their very nature sealed, the Federal Judicial Center conducted a study, published on October 23, 2009, available at https://www.uscourts.gov/sites/default/files/sealed-cases.pdf ("Sealed Cases in Federal Court"), where they examined any case filed in 2006 and sealed entirely to determine the reason for which the actions were sealed. Included within the section headed "Other Cases Sealed Because the Parties Wanted Them Sealed," is the following:

> Employment action dismissed as settled and permanently sealed. The complaint alleges a pattern of unwanted sexual advances. On stipulated dismissal, the judge issued an order permanently sealing the record "upon the request and stipulation of the parties, and for good cause shown." According to the judge, the pleadings and settlement agreement included explicit and personal material, so the parties requested the matter sealed.

Sealed Cases in Federal Court at 13. Indeed, courts have agreed to seal matters where the filed documents were not nearly as sensitive and appear merely to have caused potential reputational harm. *See id*. at 9, 13. As one judge concisely explained his or her decision to seal a case, "[o]nly a single individual's rights and interests were at stake and at interest. No general

3

public issue was involved. Those private rights were vindicated. Accordingly, I entered an appropriate order." *See id*. at 12.

Here, the interests at stake are purely private and belonged solely to the Parties. Plaintiff's allegations, much like the case referenced above, were of an explicit and personal nature, describing unwanted sexual advances, thereby setting forth a strong private interest in keeping this matter private. Indeed, Plaintiff's allegations are so salacious that Defendant has been terminated from his employment as a result of Plaintiff's allegations. This private interest stands in significant contrast to the lack of any general public issue. Moreover, Plaintiff's allegations have been made only for the purpose of derailing Defendant's private life and professional career. Therefore, given the imbalance between the public and private interests, Plaintiff respectfully requests that the Court close this matter and seal the Complaint, Answer, and other initiating documents in this matter which publicly identify Defendant.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court seal the Complaint, Answer, and other initiating documents in this matter which publicly identify Defendant, and replace Defendant's name with "John Doe."

**Dated:** New York, New York
October 21, 2025

**NESENOFF & MILTENBERG, LLP**

By: */s/ Andrew T. Miltenberg*
Andrew T. Miltenberg, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
T. (212) 736-4500
amiltenberg@nmllplaw.com
kmohr@nmllplaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ISABEL FINLEY,** *Plaintiff,* v. **THOMAS PRZYBYLOWSKI,** *Defendant.* | Index No. 1:25-cv-04383-JAV |

**Andrew Miltenberg**, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, certifies pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, that the total number of words in the Memorandum of Law in Support of Defendants' Motion to Seal and to Proceed Under A Pseudonym, exclusive of the cover page, captions, table of authorities, table of contents, and signature block, is 1,014 words, according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document. Thus, the document complies with the word count limit of no more than 8,750 words set forth in Rule 7.1(c).

Dated: New York, New York
       October 21, 2025

                                                **NESENOFF & MILTENBERG, LLP**

                                                By: /s/ Andrew T. Miltenberg
                                                    Andrew T. Miltenberg, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the Notice of Motion to Seal Court Record and this Memorandum of Law upon plaintiff and filed same via ECF on October 21, 2025.

/s/ Andrew T. Miltenberg
Andrew T. Miltenberg
