**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ISABEL P. FINLEY,

          Plaintiff,

   v.

THOMAS H. PRZYBYLOWSKI,

          Defendant.

Index No. 1:25-cv-04383-JAV

**PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANT'S**
**MOTION TO SEAL COURT RECORD AND *EX PARTE* MOTION TO PROCEED**
**UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

Isabel P. Finley
*Pro Se*

27 Pine Ridge Road.
Underhill, VT 05489
ifinley@jd19.law.harvard.edu
(646) 402-5067

i

# <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ........................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ...............................................1

III. LEGAL STANDARD. .............................................................................................4

IV. MR. PRZYBYLOWSKI'S DECEPTIVE AND MISLEADING CONDUCT. ........6

V. MR. PRZYBYLOWSKI'S MOTION TO PROCEED PSEUDONYMOUSLY AND FOR PROTECTIVE ORDER ........................................................................................8

a. Analysis under the ten-factor balancing test set forth by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), requires that Defendant proceed under his own name in this action. ...................................................................................8

i. Matters of a Highly Sensitive and Personal Nature ...........................................10

ii. Risk of Retaliatory Physical or Mental Harm to the Party Seeking to Proceed Anonymously ..........................................................................................................11

iii. Other Potential Harms and Likely Severity of those Harms, Including Whether the Injury Litigated against Would Be Incurred as a Result of Identification.................13

iv. Vulnerability to Possible Harms of Disclosure, Particularly in Light of Age.................15

v. Challenges to Government or Private Party Actions...........................................16

vi. Prejudice to the Plaintiff by Allowing the Defendant to Proceed Anonymously ...........16

vii. Confidentiality of the Movant's Identity to Date ............................................18

viii. Public Interest in Non-Pseudonymous Litigation ..........................................20

ix. Whether There Is an Atypically Weak Public Interest in Knowing Litigants' Identities Because of the Purely Legal Nature of the Issues Presented or Otherwise .............................21

x. Alternative Mechanisms for Protecting Confidentiality....................................21

V. MR. PRZYBYLOWSKI'S MOTION TO SEAL COURT RECORD. ....................22

a. Defendant's Motion to Seal Is Contingent on the Court Granting his Motion to Proceed under Pseudonym, and Must Therefore be Denied Pursuant to the Analysis Presented Above and the Presumption in Favor of Public Access ........................................................25

VI. CONCLUSION .....................................................................................................25

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Carroll v. Trump*, 151 F.4th 50 (2d Cir. 2025).............................................................14

*Doe 1 v. Branca, USA, Inc.*, No. 22-CV-03806-LJL (S.D.N.Y. July 13, 2022). ...................11,20

*Doe v. Alexander*, No. 25-CV-01631-JAV (S.D.N.Y. Mar. 12, 2025), ECF No. 13 .......... 6, 10-11

*Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869 (7th Cir. 1997).......................................9

*Doe v. Doe*, No. 20-CV-05329-KAM-JRC (E.D.N.Y. Nov. 24, 2020), ECF No. 14. ................18

*Doe v. Grinnell Coll.*, No. 17-CV-00079 (RGE) (SBJ) (S.D. Iowa July 10, 2017), ECF No. 39.14

*Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401 (S.D.N.Y. 2019). ..............................21, 22

*Doe v. Weinstein*, 484 F. Supp. 3d 90 (S.D.N.Y. 2020). ...........................................................22

*EW v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003). ...............................................12

*Haggai et al. v. Kiswani et al.*, No. 25-CV-02400-JAV (S.D.N.Y. Apr. 17, 2025), ECF No. 17.
................................................................................................................................11, 12

*Hartford Courant Co. v. Pellegrino*, 380 F.3d 83 (2d Cir. 2004). ..............................................23

*Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). ............................................................23

*N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 12-CV-6152, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012).........................................................................................................................7, 21

*Rapp v. Fowler*, 537 F. Supp. 3d 521 (S.D.N.Y. 2021). .................................................. 10, 16-18

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008). .......................5-6, 8-11, 16

*Sebastian v. Doe*, No. 25-CV-00911-JAV (S.D.N.Y. Mar. 19, 2025), ECF No. 11.....................12

*United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995) ("*Amodeo I*"). ..........................................23

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ("*Amodeo II*").........................................23

*United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). .............................................................6

**Statutes**

Victims of Gender-Motivated Violence Protection Law, New York City Administrative Code
§ 10-1101 et seq., formerly § 8-903 *et. seq.* ...............................................................................1

**Rules**

Local Civil Rule 7.2 .....................................................................................................4, 7

Fed. R. Civ. P. 10(a) .......................................................................................................5

Fed. R. Civ. P. 55(a) .......................................................................................................3

Local Civil Rule 55.1 ......................................................................................................3

**Other Authorities**

FED. JUDICIAL CTR., *Sealed Cases in Federal Court,* Oct. 23, 2009, available at
https://www.uscourts.gov/sites/default/files/sealed-cases.pdf. ..................................................24

Kathryn Joyce, *The Takedown of Title IX*, NY TIMES (Dec. 5, 2017), available at:
https://www.nytimes.com/2017/12/05/magazine/the-takedown-of-title-ix.html. ....................13

Sandra Levitskty et al., *Litigation politics: social movement activity in campus sexual assault
litigation*, 58 LAW & SOCIETY REV. 505–34 (2024), available at:
https://www.cambridge.org/core/journals/law-and-society-review/article/litigation-politics-
social-movement-activity-in-campus-sexual-assault-
litigation/FBDB2C21D8965DE298CBB56553B3909F.
.............................................................................................................................................15

I.    <u>**INTRODUCTION**</u>

This case involves allegations of rape and sexual assault brought by the plaintiff against the defendant stemming from an assault that occurred in May 2018. Currently pending before the court are Defendant's Motion to Proceed Under Pseudonym and for Protective Order, ECF No. 15, and Motion to Seal Court Record, ECF No. 16, in which he seeks to proceed in this action under the pseudonym John Doe, obtain a protective order prohibiting Plaintiff or her representatives from revealing his identity, and for this Court to seal the initial documents filed to the case docket. There is a wealth of case law surrounding litigants' requests to proceed pseudonymously, particularly in sexual assault cases. As discussed below, both the specific case law on this issue and the broader constitutional and common law presumptions in favor of public access strongly support Mr. Przybylowski proceeding under his own name in this action. Therefore, Plaintiff respectfully requests that this Court deny Defendant's motions at ECF No. 15 and ECF No. 16.

II.    <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

Plaintiff filed her Complaint *pro se* in this matter on May 23, 2025, bringing claims of Sexual Assault and Gender Motivated Violence pursuant to New York City Administrative Code § 10-1101 *et seq.*, formerly § 8-903 *et. seq.* Plaintiff's claims stem from a rape and sexual assault that Defendant Thomas Przybylowski perpetrated against her on the evening of May 26, 2018, and the early morning hours of May 27, 2018. ECF No. 1. As the facts underlying Plaintiff's claims are outlined in detail in the Complaint, Plaintiff will not repeat them here, and instead realleges and incorporates by reference those facts alleged in her Complaint as if fully set forth herein.

Following the filing of Plaintiff's Complaint, attorney Kristen Mohr of Nesenoff & Miltenberg contacted Plaintiff via email on July 23, 2025, communicated that she and her office represented Mr. Przybylowski in this matter, and stated that "we will be sending you a Rule 4 Service Waiver." ECF No. 14-5 at 2–3. On July 31, 2025, Ms. Mohr emailed again to ask the plaintiff if she would be sending the waiver for Defendant's counsel to execute, to which the plaintiff responded on August 4, 2025, that she would. *Id.* at 2. On August 11, 2025, Plaintiff provided Ms. Mohr with the required forms and documents for the defendant to waive formal service, and informed Ms. Mohr that, accordingly, Mr. Przybylowski's answer would be due on October 10, 2025. *Id.* at 2.

Later that day, a paralegal from Ms. Mohr's office returned the executed waiver of the service of summons, signed by Defendant's counsel Andrew Miltenberg on his behalf, to the plaintiff via email. *See* Exhibit 1. As Mr. Przybylowski's attorneys had yet to enter their appearance in the case, on August 12, 2025, Plaintiff provided them with a copy of the Court's Notice of Initial Pre-Trial Conference, ECF No. 7, as well as a copy of this Court's Individual Rules and Practices in Civil *Pro Se* Cases. *See* Exhibit 2.

On August 20, 2025, Plaintiff filed the executed waiver of service with the Court, which docketed it along with a text entry stating that Defendant's answer would be due on October 10, 2025. ECF No. 8.

On August 25, 2025, attorneys Andrew Miltenberg and Kristen Mohr filed entries of appearance for Mr. Przybylowski. ECF Nos. 9–10. These entries were never properly served on the plaintiff or otherwise provided to her, nor did they contain any certificates of service. *Id.*

The October 10, 2025, deadline for Mr. Przybylowski's answer passed without any additional filings from him or his attorneys. Accordingly, on October 13, 2025, Plaintiff filed a

Motion for Entry of Clerk's Certificate of Default, ECF No. 11, and accompanying Declaration, ECF No. 12, pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1. The Clerk of Court entered the Clerk's Certificate of Default against Mr. Przybylowski the following day, on October 14, 2025. ECF No. 13.

Later in the day on October 14, 2025, Mr. Przybylowski filed a Motion to Vacate Default Judgment [sic], ECF No. 14, along with a supporting memorandum of law, ECF No. 14-1, and a number of attachments (including a proposed answer, ECF No. 14-7 ("Proposed Answer")). In these filings, Mr. Przybylowski stated that his law firm simply did "not properly calendar[]" the deadline for their answer, ECF No. 14-1 at 1, and requested "that this Court grant Defendant's Motion to Vacate the Default Judgment [sic]," *id.* at 5.[1] None of the documents filed at ECF No. 14 contained any certificates of service, and the defendant did not provide them to the plaintiff in any form until she received them in the mail on October 23, 2025—over a week after they were filed—along with paper copies of the two motions Mr. Przybylowski filed subsequently on October 21, 2025. Upon review of Defendant's submissions at ECF No. 14, Plaintiff filed a Notice of Non-Opposition to Defendant's Motion to Vacate Default Judgment on October 24, 2025, ECF No. 17.

Following his Motion to Vacate Default Judgment, Mr. Przybylowski filed the present *Ex Parte* Motion to Proceed under Pseudonym and for Protective Order, ECF No. 15, an accompanying memorandum of law, ECF No. 15-2, and a declaration from Mr. Przybylowski, ECF No. 15-1 ("Przybylowski Decl."), on October 21, 2025. That same day, Defendant filed a related Motion to Seal Court Record, ECF No. 16, and supporting memorandum of law, ECF No.

---

[1] Despite Defendant's titling of his motion as one to vacate default judgment and repeated references within the related filings to law regarding vacatur of default judgments, Plaintiff understands Mr. Przybylowski's motion at ECF No. 14 as one requesting vacatur of the entry of the Clerk's Certificate of Default, as well as one requesting that the Proposed Answer filed at ECF No. 14-7 be docketed as though timely filed.

16-1. To date, Defendant has failed to provide Plaintiff with any copies of unpublished authorities cited in his filings as required by Local Civil Rule 7.2.

In his *Ex Parte* Motion to Proceed under Pseudonym and for Protective Order, Mr. Przybylowski reveals that his employer, prominent securities litigation firm Pomerantz LLP, recently terminated him as a result of the "serious nature of the allegations contained in the Complaint," and asks this Court to allow him to proceed as a John Doe defendant and to issue a blanket protective order prohibiting the plaintiff and any of her representatives from revealing his identity. ECF No. 15-2 at 6. Mr. Przybylowski argues this is necessary due to "the possibility of acts of reprisal that could further prevent Defendant from proceeding with his future endeavors and inflict further harm." *Id.* Relatedly, Mr. Przybylowski's Motion to Seal requests that this Court "seal the Complaint, Answer, and other initiating documents in this matter which publicly identify Defendant, and replace Defendant's name with 'John Doe.'" ECF No. 16-1 at 4.

Counsel for Mr. Przybylowski filed the presently pending motions at ECF Nos. 15 and 16 on October 21, 2025, per the publicly available docket. In addition, both associated memoranda of law contain certificates of service electronically signed by Mr. Miltenberg which state that "I hereby certify that I served the [filings at ECF Nos. 15 and 16, respectively] upon plaintiff and filed same via ECF on October 21, 2025." *See* ECF No. 15-2 at 20; ECF No. 16-1 at 6.

Unlike with any of the defendant's prior filings, Ms. Mohr provided the plaintiff with a copy of the filings at ECF No. 16 via email the following day, on October 22, 2025. *See* Exhibit 3. However, Ms. Mohr did not provide Plaintiff with any of the filings at ECF No. 15—perhaps because Mr. Przybylowski sought to file these *ex parte*, though he provided no basis whatsoever for doing so, and failed to ensure the documents were not readily available on public databases, for a fee. As such, upon a routine review of the docket on October 22, 2025, Plaintiff discovered

that another motion with attachments had been filed, supposedly *ex parte,* and not yet served on or otherwise provided to her. The next day, on October 23, 2025, Plaintiff received a FedEx envelope containing Mr. Przybylowski's filings at ECF Nos. 14, 15, and 16.

## III.  **LEGAL STANDARD**

While the courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit [movants][2] to proceed anonymously" in some cases, Fed. R. Civ. P. 10(a) requires that "[t]he title of [a] complaint must name all the parties," a requirement that "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008) (internal quotations and citations omitted).

In *Sealed Plaintiff*, the Second Circuit expressly "set forth the standard governing the use of pseudonyms in civil litigation in our Circuit" as a ten-factor, "non-exhaustive" balancing test. *Id.* at 189. The factors the Court is to consider are as follows:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

---

[2] Given that so much of the relevant caselaw pertains to plaintiffs moving to proceed pseudonymously, undersigned has sometimes replaced "plaintiff" and "defendant" with "movant" and "non-movant" when citing caselaw, where applicable.

6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Doe v. Alexander*, No. 25-CV-01631-JAV (S.D.N.Y. Mar. 12, 2025), ECF No. 13 at 3–4 (citing *Sealed Plaintiff*, 537 F.3d at 190).

"[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *Doe v. Alexander*, 25-CV-01631-JAV, ECF No. 13 at 4, (quoting *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020)).

## IV.  MR. PRZYBYLOWSKI'S DECEPTIVE AND MISLEADING CONDUCT

### a.  Defendant's failure to adhere to the Federal Rules of Civil Procedure and this Court's Local Rules is deceptive and misleading.

Mr. Przybylowski has failed to timely serve multiple filings in this case[3] and has engaged in deceptive and misleading conduct by providing only some filings by email and labeling some filings as *ex parte* without appearing to have filed them as such. It is genuinely unclear to the plaintiff whether or not Mr. Przybylowski sought to file his Motion to Proceed under Pseudonym and for Protective Order on an *ex parte* basis. Regardless, the omission of these filings from Ms. Mohr's October 22, 2025, email to Plaintiff is concerning. Not only was there no basis for such

---

[3] *i.e.* his counsel's entries of appearance at ECF Nos. 9 and 10 (which were never served on the plaintiff at all), his filings at ECF No. 14 (which were mailed a full week after filing); and his filings at ECF Nos. 15 and 16 (only one of which was provided via email the day after filing).

filings to be submitted *ex parte*, but Defendant did not follow any applicable procedures for doing so.

Moreover, the date on which Plaintiff is *actually* properly served affects her deadline to respond to the defendant's filings—putting her at a distinct disadvantage when filings are either not served at all or not served for many days.[4] Had Plaintiff sought to oppose Defendant's Motion to Vacate, ECF No. 14, she would have had less than a week—and only three business days—in which to respond. Regardless of whether these issues with service are intentional or the result of mere incompetence, they must be remedied so that this litigation can proceed without continued unnecessary delay, incursion of costs, and prejudice to the *pro se* plaintiff.

Additionally, Defendant's recent filings contain myriad inconsistencies and misrepresentations, which Plaintiff wishes to point out to the Court as it evaluates the credibility of Defendant's assertions in his recent motions and Declaration. For example, the Przybylowski Declaration contains numerous statements that directly contradict those contained in his Proposed Answer. *See, e.g.*, ECF No. 14, Exhibit E ("Proposed Answer") at ¶¶ 10 and 12–17, wherein Defendant either "denies knowledge or information sufficient to form a belief" or outright denies all the facts pertaining to the parties' initial meeting on the evening of May 26, 2018, including those facts that acknowledge consensual activity. The only two facts in the *entire complaint* that Mr. Przybylowski admits are that he lives in New Jersey and that he worked with Lauren Davis at Schulte Roth and Zabel at the time. *See id.* at ¶¶ 3 and 11. *See also id.* at ¶¶ 19–23, wherein Defendant "denies knowledge or information sufficient to form a belief" as to the

---

[4] Plaintiff is aware of the option to file a Motion for Permission for Electronic Case Filing, which would give her an ECF account to use as a *pro se* litigant. However, this option requires that the movant attend an ECF training course that is only offered once per month on a Thursday in New York City, which is not currently feasible with Plaintiff's obligations at her home in Vermont. Plaintiff is willing to accept service via email for the purposes of calendaring deadlines, but requests that all filings and copies of unpublished authorities pursuant to Local Civil Rule 7.2 still be served via mail.

fact that he and the plaintiff walked to his apartment in Stuy Town on the night in question, that

he assured her his roommate was away, and that his apartment was lit by string lights (¶¶ 19–21);

and, further, wherein he outright denies that the parties kissed again consensually and both

partially undressed (¶¶ 22–23). Yet Mr. Przybylowski's Declaration—filed just days later—

admits that on May 26, 2018, he "went out with friends of [his], including the Plaintiff and our

mutual friend, Lauren Davis" and admits "engag[ing] in consensual sexual activity." *See*

Przybylowski Decl. at ¶¶ 4–5.

As discussed below, the legal standards surrounding public access to court records and

proceeding under one's own name require denial of Mr. Przybylowski's motions at ECF Nos. 15

and 16. Nevertheless, and regardless of the outcome of these motions, candor before the Court

and adherence to the court rules must always be observed—particularly in a case where both

parties are themselves licensed attorneys sworn to uphold the rules of professional conduct.

While Plaintiff is not moving for sanctions at this time, further failure by Defendant to timely

provide and properly serve her with recent filings and unpublished authorities or improper

attempts to submit *ex parte* filings may result in such a motion.

## V.     MR. PRZYBYLOWSKI'S MOTION TO PROCEED PSEUDONYMOUSLY AND FOR PROTECTIVE ORDER

### a.     Analysis under the ten-factor balancing test set forth by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), requires that Defendant proceed under his own name in this action.

Mr. Przybylowski's request to proceed under a pseudonym is inappropriate in this case

per the analysis required by *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008),

and is at odds with the constitutional and common law presumption of openness and public

access. Moreover, the caselaw Defendant cites is entirely inapposite; nearly every case cited and

discussed in his brief of his motion to proceed under pseudonym involved a pseudonymous

*plaintiff* suing an educational institution over alleged violations of due process stemming from how that institution handled allegations of sexual assault against the pseudonymous plaintiff.

As such, it was the plaintiffs in those actions who sought to proceed pseudonymously, arguing, *inter alia*, that the injuries they alleged and for which they were seeking redress would be exacerbated by requiring public disclosure of their names. There is a reason that the legal standard for use of a pseudonym in litigation, *see Sealed Plaintiff*, 537 F.3d at 190, and nearly all ensuing caselaw, refers to the moving party as "plaintiff." In many cases, it is the *victim* of sexual assault who seeks to keep her identity out of the public eye due to the shame, harassment, and embarrassment associated with bringing and having to describe such claims. As Defendant's counsel is well aware, another reason is that many anonymous plaintiffs are suing institutions they feel have wrongly found them responsible for conduct they say they did not commit and caused them actionable harm as a result, thereby strengthening their arguments to proceed pseudonymously. Finally, there is the simple fact that being named as a defendant in any lawsuit could result in undesirable repercussions—yet we do not allow all defendants or even more than a few limited exceptions to proceed under pseudonym.

"'Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.'" *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). While no one factor of the *Sealed Plaintiff* balancing test is dispositive, nearly every single one favors denying Mr. Przybylowski's motions and requiring him to proceed in this litigation under his own name.

### i. Matters of a Highly Sensitive and Personal Nature

Neither party disputes that the allegations at issue in this matter are of a highly sensitive and personal nature. "Allegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym.… Importantly, however, 'allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym.'" *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021).

In *Doe v. Alexander*, this Court recognized that the plaintiff there, who was the one pursuing the ability to proceed pseudonymously, had "a substantial privacy interest in protecting herself from the public scrutiny she will endure if her identity is revealed as an alleged victim of Defendants," "due to the notoriety of Defendants," *Doe v. Alexander*, No. 25-CV-01631-JAV (S.D.N.Y. Mar. 12, 2025), ECF No. 13 at 4, who are high-profile defendants in both civil and criminal sexual assault and trafficking cases that have received significant media attention. However, even given the additional scrutiny present from the media attention on that case, that it was the plaintiff requesting to proceed pseudonymously, and the fact that this Court acknowledged "this factor weighs particularly heavily" in the plaintiff's favor, this Court nevertheless held that it was "not dispositive," and the imperative of public court records and other aspects of the *Sealed Plaintiff* balancing test ultimately required denying the plaintiff's motion to proceed pseudonymously. *Doe v. Alexander*, 25-CV-01631-JAV, ECF No. 13 at 4–5.

The caselaw on this point is well-settled, and as this Court has also recently pointed out,

> courts in this District have denied similar motions to proceed anonymously in sexual assault cases, including in cases involving public figures such as Kevin Spacey, Harvey Weinstein, and Sean Combs. [T]he threat of significant media attention – however exacerbated by the modern era – alone does not entitle a [movant] to the exceptional remedy of anonymity.

*Id.* at 5 (internal quotation marks and citations omitted). Were it any other way, no cases involving sexual assault or abuse would remain in the public record with publicly identified parties, thereby depriving the public—the very people the law is designed to serve—from critical information in an area of law involving particularly harmful and prevalent abuse.

Finally, it is worth noting that the plaintiff here did not exactly relish making the details of her complaint in this case public. Nevertheless, she not only researched the standard for proceeding pseudonymously beforehand, but also firmly believes that there is nothing shameful about being the victim of assault, no matter how graphic or vicious the details of that assault may be. This case undoubtedly involves highly sensitive, personal facts—yet the viciousness of Mr. Przybylowski's actions in May 2018 does not now provide him a shield behind which to hide.

### ii.  Risk of Retaliatory Physical or Mental Harm to the Party Seeking to Proceed Anonymously

The second *Sealed Plaintiff* factor requires the Court to consider whether identification of the party seeking to proceed pseudonymously "poses a risk of retaliatory physical or mental harm." *Sealed Plaintiff*, 537 F.3d at 190. "The relevant inquiry is 'whether disclosure of the [movant's] name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Haggai et al. v. Kiswani et al.*, No. 25-CV-02400-JAV (S.D.N.Y. Apr. 17, 2025), ECF No. 17 at 6 (quoting *Doe 1 v. Branca, USA, Inc.*, No. 22-CV-03806-LJL (S.D.N.Y. July 13, 2022)) (internal citation omitted).

In his Declaration filed alongside his motion to proceed under pseudonym, Mr. Przybylowski focuses almost entirely on the fact that he was terminated from his employment as a result of this case, Przybylowski Decl. at ¶¶ 9–10, as well as on other related and potential future employment consequences, *id.* at ¶¶ 11–12. However, he does include a mere three conclusory sentences stating that he is "fearful of what has happened to me, and what may

11

continue to happen to me, based upon my name being made public and associated with these false allegations," *id.* at ¶ 9, and that his "concern is not solely about embarrassment or humiliation. I feel that my physical safety could be placed at risk if my identity continues to public during this litigation," *id.* at ¶ 11. The defendant provides no specific details or supporting documentation about why he is fearful, what he fearful of, and why or how his physical safety would ever be at risk.

In his brief, *every single* case except one that Defendant cites in his discussion of this factor involved a pseudonymous plaintiff suing an educational institution for their handling of a campus sexual assault case—the only other case involved a pseudonymous plaintiff suing a blood transfusion center in 2003 for infecting her with Hepatitis B (a stigmatized and sexually and/or blood-transmitted disease), *EW v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003).

More relevant to this factor, the only time this Court has considered this issue and *granted* a motion to proceed under a pseudonym has been when the movants were a plaintiff Israeli hostage being held by Hamas after having been abducted on October 7, 2023, his father, and three "Jewish students at Columbia University and current and former IDF soldiers who have fought or have relatives who are fighting Hamas [who] reasonably fear retaliation and reputational harms if they are required to reveal their identities." *Haggai*, 25-CV-02400-JAV, ECF No. 17 at 7; *but cf. Doe v. Alexander*, 25-CV-01631-JAV, ECF No. 13; *Sebastian v. Doe*, No. 25-CV-00911-JAV (S.D.N.Y. Mar. 19, 2025), ECF No. 11 (denying movants' requests to proceed pseudonymously). The potential for physical and psychological harm inflicted by a literal terrorist group presents risks that could not be more different from the circumstances in this case.

Accordingly, Mr. Przybylowski has provided neither facts nor law to support his position—and it is ironic, to say the least, that after committing a horrifically violent sexual assault on the plaintiff that altered her sense of safety and the course of her life forever—he now seeks to evade accountability by hiding his name behind a vague, undefined, and baseless fear of physical violence and mental harm.

### iii.    Other Potential Harms and Likely Severity of those Harms, Including Whether the Injury Litigated against Would Be Incurred as a Result of Identification

Defendant's assertions that "Identification Presents Other, Severe Harms, Including that the Injury Litigated Against Would Be Incurred as a Result of the Disclosure of Defendant's Identity," ECF No. 15-2 at 12, are completely inapplicable here. The harm alleged by the plaintiff in this matter is the rape and sexual assault perpetrated by the defendant. Certainly Mr. Przybylowski is not arguing that such harms are somehow furthered by the plaintiff's *own lawsuit*.

It appears that Defendant's counsel, who frequently represents litigants accused of sexual assault (and has "established a reputation as 'the rape-guy lawyer'"),[5] simply copied and pasted argument and legal authority from other cases in which he has represented a *plaintiff* accused of sexual assault against an accuser or an institution. There is myriad evidence of such thoughtless copy/pasting, such as when Defendant's submission states that leaving his identity on the docket "would result in further damage to his future career endeavors, resulting in additional mental, emotional and psychological harm, the very harms which he seeks to remedy in this action," ECF No. 15-2 at 16, or when he cites a case, ostensibly believing it to be in his favor, as "finding 'the determinative factor here is that disclosure of plaintiff's identity would cause the injury

---

[5] Kathryn Joyce, *The Takedown of Title IX*, NY TIMES (Dec. 5, 2017), available at: https://www.nytimes.com/2017/12/05/magazine/the-takedown-of-title-ix.html.

litigated against to be incurred as a result of the disclosure.'" ECF No. 15-2 at 10 (quoting *Doe v. Grinnell Coll.*, No. 17-CV-00079 (RGE) (SBJ) (S.D. Iowa July 10, 2017), ECF No. 39). Perhaps no error is more indicative of this than the fact that on the first page of their memorandum in support of Defendant's motion to proceed pseudonymously, Defendant's attorneys erroneously list themselves as "*Attorneys for Plaintiff*." ECF No. 15-2 at 1. While it is understandable that attorneys sometimes use language from their prior cases, such a practice does not excuse them of their duties to actually analyze and argue the case before them.

Mr. Przybylowski places heavy emphasis on the fact that he was recently terminated from his employment as an Associate at Pomerantz LLP as a result of this case. However, his recent termination does not, as Mr. Przybylowski claims, mean that "any ultimate success in this matter would be negated by disclosure of his name," ECF No. 15-2 at 12. It is absurd to argue that no matter the outcome of litigation, results and reputational harm would be the exactly the same—if that were true, Mr. Przybylowski could have simply accepted the entry of default against him and chosen not to waste his money on attorneys' fees defending this action.

The reality is, being named as a defendant in any number of types of lawsuits could have negative impacts on one's life, reputation, or career—and in fact, so too can bringing a case as a plaintiff. The fact that Mr. Przybylowski's law firm employer appeared to credit Plaintiff's allegations so much as to terminate the defendant's employment does not mean he will never work again, nor that a law firm with fewer scruples about hiring people accused of sexual assault will not choose to hire him.

Furthermore, #MeToo has hardly brought the "sea change" Defendant describes, ECF No. 15-2 at 13. Our country's president himself has been found civilly liable for sexual assault. *See Carroll v. Trump*, 151 F.4th 50, 84 (2d Cir. 2025). A justice of the Supreme Court was

confirmed by the Senate and continues to create the highest law of the land even after being credibly accused of sexual assault. While some abusers and perpetrators of sexual assault face consequences, the reality is that such consequences are by no means certain, and they are not the result of evidence-less witch hunts that Defendant's attorneys seem to believe in.[6]

Moreover, Mr. Przybylowski complains that #MeToo has resulted in social media being "weaponized" against men he euphemistically refers to as accused of "misconduct, with online petitions and protests calling for their termination, resignation, and repudiation, oftentimes before the allegations are even tested in any kind of reliable, unbiased proceeding." ECF No. 15-2 at 13. Yet such a proceeding is precisely what is provided by the present case in federal court, rendering Mr. Przybylowski's protestations on this point disingenuous at best.

Obviously, the injury litigated against here—namely, rape and sexual assault—will not be further incurred by litigation under the parties' own names. Moreover, the prospective and highly speculative future harm to Mr. Przybylowski's career is both far from certain and hardly severe. If anything, the fact that Mr. Przybylowski's employer terminated him "as a result of Plaintiff's allegations," ECF No. 15-2 at 12, months after those allegations were first made, only underscores the credibility of Plaintiff's allegations and therefore the public interest in ensuring a rapist's name is not hidden from potential past or future victims. This factor weighs heavily in favor of denying Defendant's motions.

---

[6] For additional context on how Nesenoff & Miltenberg has shaped public narrative surrounding sexual assault through private litigation, *see* Sandra Levitskty et al., *Litigation politics: social movement activity in campus sexual assault litigation*, 58 LAW & SOCIETY REV. 505–34 (2024), available at: https://www.cambridge.org/core/journals/law-and-society-review/article/litigation-politics-social-movement-activity-in-campus-sexual-assault-litigation/FBDB2C21D8965DE298CBB56553B3909F.

### iv.  Vulnerability to Possible Harms of Disclosure, Particularly in Light of Age

The parties here are both adults and were similarly both adults when the incident in question occurred. As such, while this factor is not particularly germane to the instant case, it favors denying Mr. Przybylowski's motions and allowing the case to proceed under the parties' true names.[7]

### v.  Challenges to Government or Private Party Actions

This case does not involve any challenge to actions of the government, and this factor is therefore irrelevant to the present analysis, though movants in cases challenging government action have a higher burden to meet when seeking to proceed anonymously.

### vi.  Prejudice to the Plaintiff by Allowing the Defendant to Proceed Anonymously

When evaluating the sixth *Sealed Plaintiff* factor, courts have examined "'difficulties in conducting discovery,' the 'reputational damage to [non-movants],' and the 'fundamental fairness of proceeding anonymously.'" *Rapp*, 537 F. Supp. 3d at 531 (internal citations omitted). In *Rapp*, in which an alleged victim of sexual abuse sued actor Kevin Spacey, the Court held that all three considerations would unfairly prejudice Spacey, thereby requiring denial of the plaintiff's motion to proceed pseudonymously. While the parties seeking to proceed pseudonymously versus those opposing it are reversed from those in this litigation, the factors upon which the *Rapp* court relied nonetheless apply. *See also Doe v. Alexander*, 25-CV-01631-JAV, ECF No. 13 at 7–8 (applying similar analysis as was conducted in *Rapp* and concluding sixth factor favored non-pseudonymous litigation).

---

[7] Moreover, unlike many of the cases that counsel for Mr. Przybylowski has litigated surrounding alleged assaults on college campuses, the parties involved here were well into their mid–late twenties when the assault occurred.

Those factors include that the non-movant would be prejudiced because "use of a pseudonym likely would prevent persons with information … helpful to [the non-movant's case], but that now are unknown to [the non-movant], from coming forward," as they "likely would have no way of knowing that their information would be pertinent." *Rapp*, 537 F. Supp. 3d at 531 (internal citations omitted). The Court emphasized that by anonymizing only one party, the other would likely be prejudiced since "information about only one side may thus come to light … hinder[ing] 'the judicial interest in accurate fact-finding and fair adjudication'" *Id.* (internal citations omitted).

In addition to the prejudicial effects on discovery posed by "this asymmetry in fact-gathering," there is additional risk of prejudicial reputational harm to the plaintiff if Mr. Przybylowski is allowed to proceed pseudonymously, as "[i]nformation and allegations that are highly sensitive and of a personal nature can flow both ways." *Id.* (internal citations omitted). That is, it is not as though Mr. Przybylowski is the only one facing stigma and reputational harm from the existence of this action—and the *Rapp* Court effectively explains this dual applicability.

Finally, the third factor to be considered involves the fundamental fairness of one party being "required to defend [themselves] publicly before a jury while plaintiff[s] . . . make . . . accusations from behind a cloak of anonymity." *Id.* at 531–32 (internal citations omitted). While the *Rapp* Court only considered this issue from the perspective of a prospectively pseudonymous plaintiff, it too applies on both sides. The plaintiff in this action has accused Mr. Przybylowski of a violent sexual assault, yet he has now also accused her of lying—of "fabricat[ing] the allegations against him … years after the alleged incident due to a personal animus against Defendant." ECF No. 14-1 at 5. Just as the Court in *Rapp* held regarding the movant there, "[h]e makes serious charges and, as a result, has put his credibility in issue. 'Fairness requires that [he]

17

be prepared to stand behind [his] charges publicly," *Rapp*, 537 F. Supp. 3d at 532, just as the Plaintiff in this matter is fully prepared to stand behind hers.

### vii.   Confidentiality of the Movant's Identity to Date

The case cited by Defendant here, *Doe v. Doe*, No. 20-CV-05329-KAM-JRC (E.D.N.Y. Nov. 24, 2020), ECF No. 14, is similarly inapplicable to the instant case. There, not only did *both* parties request anonymity, a factor that the court there weighted heavily, *id.* at 10, but, critically, the allegations at issue involved particularly stigmatizing facts pertaining to the website on which the parties met and sexually transmitted diseases the defendant allegedly transmitted to the plaintiff—facts which ultimately weighed in favor of both parties seeking and being granted anonymity. *Id.* Moreover, these facts caused the court to favor granting anonymity because they were stigmatizing facts that would have been revealed *regardless* of whether the defendant ultimately was found to have committed the acts alleged. *Id.* at 8–9. Such facts, and therefore such concomitant risks militating in favor of anonymity, are not present here. Plaintiff vehemently opposes Mr. Przybylowski's request, has made no request to proceed pseudonymously of her own (despite Mr. Przybylowski's concession to such, *see* ECF No. 15-2 at 6 n. 1), and there are no particularly stigmatizing facts other than, of course, that the defendant committed a violent sexual assault.

Moreover, the facts in *Doe v. Doe* with regard to how long the defendant's name was left public on the docket are significantly distinguishable from the case at bar. In *Doe v. Doe*, the plaintiff filed her complaint on November 3, 2020, along with her own motion to proceed under a pseudonym. *See Doe v. Doe*, 20-CV-5329-KAM-JRC, ECF Nos. 1 and 2. Then, just 13 days later, and on the same day that counsel for John Doe entered an appearance, the defendant filed his cross-motion to also proceed under a pseudonym and to seal the docket on November 16,

2020. *See id.* at ECF Nos. 8–10. In short, as soon as the defendant in that action became aware of the allegations against him, he immediately sought to proceed anonymously—thereby greatly limiting the time during which his name was not kept confidential.

In contrast, Plaintiff in this action filed her complaint on May 23, 2025, and Mr. Przybylowski became aware of the action sometime between that date and when his attorneys first contacted the plaintiff on July 23, 2025. Nevertheless, a full *90 days* passed between when counsel for Mr. Przybylowski contacted the plaintiff to request a service waiver on July 23, 2025, and when they filed the presently pending motions to proceed pseudonymously and seal the docket on October 21, 2025. As such, while the defendant claims he has taken steps to preserve his confidentiality by "only discuss[ing] this matter with [his] immediate family and [his] legal counsel," Przybylowski Decl. at ¶ 8; *see also* ECF No. 15-2 at 17, he has in fact failed to act in one of the only other ways he could to try to keep his name confidential—namely, filing the presently pending motions much earlier. Mr. Przybylowski is himself an attorney—it is not as though he was not aware of the risks of being publicly named in a lawsuit when he originally retained his attorneys in or before July 2025.

Moreover, Mr. Przybylowski claims in his declaration, under penalty of perjury, that he has "*only*" discussed this matter with his immediate family and legal counsel, Przybylowski Decl. at ¶ 8 (emphasis added)—yet in that same declaration, he states his "former employer made clear in [his] exit interview that [his] termination was a result of Plaintiff's allegations," *id.* at ¶ 10. Unless Mr. Przybylowski's exit interview was a wholly one-sided conversation, that means he has, at a minimum, also discussed the case with an unknown number of people involved with the leadership or Human Resources department at Pomerantz. Additionally, the plaintiff has reason to believe that Pomerantz became aware of her lawsuit at least as early as

July 31, 2025, rendering Mr. Przybylowski's assertions regarding confidentiality even less credible.

### viii.   Public Interest in Non-Pseudonymous Litigation

Many of the considerations militating in favor of public access to non-pseudonymous litigation have already been discussed above, *see, e.g.*, Sections iii and vi, and therefore will not be repeated here. It is clear, however, that the applicable caselaw indicates a strong public interest in favor of public access to court records and knowledge of litigants' identities. Thus,

> something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name.

*Doe v. Alexander*, 25-CV-01631-JAV, ECF No. 13 at 9 (quoting *Doe 1 v. Branca, USA, Inc.*, No. 22-CV-03806-LJL (S.D.N.Y. July 13, 2022)).

Mr. Przybylowski has provided no such evidence—nor made any non-conclusory assertions of harm. He is a graduate of Georgetown Law with a lengthy employment history of making significant sums each year—the possibility that he may have to expend more effort finding another job is far too speculative and insubstantially harmful to overcome the presumption of public access. As with many of their other arguments, it appears Mr. Przybylowski's counsel copied and pasted argument from their cases representing pseudonymous plaintiffs, as Defendant's brief on this point emphasizes the risks of disclosure as "the very harms which he seeks to remedy in this action," ECF No. 15-2 at 11, which is plainly inapplicable.

Ultimately, the presumption in favor of public access prevails here and requires denying

Mr. Przybylowski's motions—but in doing so, the Court also serves the public by aiding other

potential victims, if any, to come forward.

> ### ix. Whether There Is an Atypically Weak Public Interest in Knowing Litigants' Identities Because of the Purely Legal Nature of the Issues Presented or Otherwise

Despite Mr. Przybylowski's blatantly false claim that due to "the purely legal nature of

the claims presented, there is a weak public interest in learning Defendant's identity as an

individual," ECF No. 15-2 at 16, this case involves no abstract or novel questions of law, is

purely factual in nature, and therefore involves no atypically weak public interest in the litigants'

identities.

As noted by this Court in *Doe v. Alexander*, public access is favored when the matter

does not involve "'abstract challenges to public policies, but rather . . . particular actions and

incidents.'" *Doe v. Alexander*, 25-CV-01631-JAV, ECF No. 13 at 11 (quoting *N. Jersey Media

Grp. Inc. v. Doe Nos. 1-5*, 12-CV-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)).

This Court went on to highlight that, as is the case here, "claims of sexual assault 'are of the type

that 'further the public's interest in enforcing legal and social norms,'" and since analysis and

litigation of such claims "'will be factual in nature, [] the public interest in sexual assault . . . is

very high.'" *Id.* (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y.

2019)). As such, this factor strongly supports denial of the defendant's motions.

> ### x. Alternative Mechanisms for Protecting Confidentiality

Incredibly, Defendant suggests that the *only* alternative mechanism to protect his

confidentiality in this matter is to seal all filings in the entire case. ECF 15-2 at 17. Yet this is

plainly incorrect, and in fact the plaintiff may seek a protective order or confidentiality

agreement at some point should particularly sensitive documents such as medical records be submitted to the Court. Accordingly, Plaintiff has no objection to the defendant seeking a similarly limited protective order should medical records or personal identifying information of his own be filed as well. This alternative mechanism for protecting confidentiality is supported by many recent decisions in this District and weighs in favor of denying Defendant's motions. *See, e.g.*, *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at 408; *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020); *Doe v. Alexander*, 25-CV-01631-JAV, ECF No. 13 at 11.

## VI.    MR. PRZYBYLOWSKI'S MOTION TO SEAL COURT RECORD

### a.    Defendant's Motion to Seal Is Contingent on the Court Granting his Motion to Proceed under Pseudonym, and Must Therefore be Denied Pursuant to the Analysis Presented Above and the Presumption in Favor of Public Access.

As Mr. Przybylowski's Motion to Seal is based solely on the presumed success of his *Ex Parte* Motion to Proceed under Pseudonym and for Protective Order, the above analysis necessitates that it be denied as well. Though Mr. Przybylowski's brief in support of his motion to seal states he is requesting "an order sealing the Court record and replacing Defendant's name with the pseudonym "'John Doe,'" ECF No. 16-1 at 1, that same brief also requests sealing the case docket, *id.*, and his brief in support of his motion to proceed under pseudonym states his motion to seal seeks "to seal only the previously filed documents that contain Defendant's true name," ECF No. 15-2 at 17 n. 3. It is entirely unclear whether Mr. Przybylowski seeks to seal the case filings to date in their entirety, only some of these filings, only seal filings insofar as to redact and replace his name, and/or to seal the entire case docket. Regardless, all of these requests are plainly at odds with the relevant caselaw as discussed above and which strongly favors public access.

Mr. Przybylowski attempts to quickly dispense with the possibility of any public interest in maintaining an open, unsealed record in this case by stating that because it involves allegations of sexual assault between two individuals, and not an issue "of obvious interest" like public corruption, that "the public's interest in maintaining the open nature of this action is limited to its interest in maintaining the openness of any action and there is no further interest specific to this case." ECF No. 16-1 at 3.

However, this conclusory argument completely ignores the wealth of relevant and controlling precedent holding that court records—in *all* cases—are presumptively public, of interest to the public, and intended to foster openness in our court system and government. *See, e.g.*, *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")) (explaining that "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history"); *see also Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*")) (holding that "[t]he presumption of access is based on the need for federal courts, although independent - indeed, particularly because they are independent - to have a measure of accountability and for the public to have confidence in the administration of justice"); *Lugosch*, 435 F.3d 110 at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)) (holding that, "[i]n addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents'"). Rather, it is the rare *exception* where sealing of a record, party name, or certainly of an entire docket, is warranted despite the default standard and compelling public interest in open court records.

Defendant states that "judicial decisions approving the sealing of an action are by their very nature sealed," thereby seeming to indicate that he does, in fact, seek to seal the entire docket in this matter. ECF No. 16-1 at 3. He then cites a Federal Judicial Center report from over 16 years ago (which examined cases from 2006) on various types of actions that were sealed in federal court. *Id.* Mr. Przybylowski highlights the portion of this survey entitled "Other Cases Sealed Because the Parties Wanted Them Sealed," and points to the judges' reliance in those cases on individual rights and circumstances and risk of reputational harm. *Id.* at 3–4. Critically, however, nearly every single case in that subsection of the Federal Judicial Center report— including the two that Mr. Przybylowski quotes directly from in his brief—were sealed after the parties settled and the case was *dismissed by stipulation*. *See* FED. JUDICIAL CTR., *Sealed Cases in Federal Court*, Oct. 23, 2009, available at https://www.uscourts.gov/sites/default/files/sealed-cases.pdf, at 12–13. Such circumstances are a far cry from those at issue here, where the plaintiff vehemently opposes the defendant proceeding under a pseudonym and any associated sealing of the record, and settlement negotiations have not even begun—much less resulted in any agreement to file a joint motion to seal.

Mr. Przybylowski's reliance on this single Federal Judicial Center report from 2009—and on a subsection highlighting cases sealed only after settlement and joint stipulated dismissal, no less—belies his lack of any compelling argument in favor of sealing the record. Under the legal frameworks controlling court decisions on whether to seal records or parts of records, as well as the standards discussed above regarding proceeding pseudonymously, Mr. Przybylowski must be required to proceed in this matter under his own name with the documents filed to date remaining unsealed and unredacted.

## VII.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Mr. Przybylowski's motions at ECF Nos. 15 and 16, require the defendant to proceed in this action under his own name, and allow this case to proceed with its docket remaining open to the public.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document and attachments were filed via email to the Pro Se Intake Unit on November 4, 2025, pursuant to the *Full Instructions for Filing a New Case Pro Se* (available at: https://www.nysd.uscourts.gov/prose) and the *Service Guide in Pro Se Cases Where Fees Have Been Paid* (available at: https://www.nysd.uscourts.gov/forms/service-guide-pro-se-cases-where-fees-have-been-paid), thereby effectuating service upon Defendant's attorneys via ECF.

Dated November 4, 2025

By: _____

Isabel P. Finley
27 Pine Ridge Road.
Underhill, VT 05489
ifinley@jd19.law.harvard.edu
(646) 402-5067

## <u>CERTIFICATE OF WORD COUNT IN COMPLIANCE WITH LOCAL RULE 7.1(c)</u>

I hereby certify that pursuant to Local Rule 7.1(c), the total number of words in the above Combined Opposition to Defendant's Motion to Seal Court Record and *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order is 8,187, exclusive of the caption, table of contents/authorities, signature blocks, and required certificates, and inclusive of any footnotes

and endnotes.

Dated November 4, 2025

By: _____

    Isabel P. Finley
    27 Pine Ridge Road.
    Underhill, VT 05489
    ifinley@jd19.law.harvard.edu
    (646) 402-5067

EXHIBIT 1



Finley, Isabel <ifinley@jd19.law.harvard.edu>

---

# Finley v. Przybylowski
4 messages

---

**Lillian Cannon** <lcannon@nmllplaw.com>                    Mon, Aug 11, 2025 at 2:03 PM
To: "ifinley@jd19.law.harvard.edu" <ifinley@jd19.law.harvard.edu>
Cc: Kristen Mohr <kmohr@nmllplaw.com>, "Andrew T. Miltenberg" <AMiltenberg@nmllplaw.com>

Hello Ms. Finley,


Please find attached the Waiver of the Service of Summons.


Sincerely,

Lillian Cannon

Paralegal



**Lillian Cannon**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500

nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

 **Waiver of the Service of Summons.pdf**
87K

---

**Finley, Isabel** <ifinley@jd19.law.harvard.edu>                    Wed, Aug 20, 2025 at 3:36 PM
To: Lillian Cannon <lcannon@nmllplaw.com>
Cc: Kristen Mohr <kmohr@nmllplaw.com>, "Andrew T. Miltenberg" <AMiltenberg@nmllplaw.com>

Hello,

I filed the attached document today via email to the Pro Se Intake Unit.  Please let me know if I should mail a paper copy to your office, or if this emailed copy is sufficient for service of the document.

Thank you,
-Isabel

[Quoted text hidden]

--
**Isabel Finley** | Harvard Law School 2019 | ifinley@jd19.law.harvard.edu | (413) 537-6383

---

 **Waiver of the Service of Summons.pdf**
81K

---

**Kristen Mohr** <kmohr@nmllplaw.com>                                    Wed, Aug 20, 2025 at 9:23 PM
To: Isabel Finley <ifinley@jd19.law.harvard.edu>
Cc: Lillian Cannon <lcannon@nmllplaw.com>, "Andrew T. Miltenberg" <AMiltenberg@nmllplaw.com>

Email is fine, thank you.



**Kristen Mohr**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500

nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

> On Aug 20, 2025, at 2:36 PM, Finley, Isabel <ifinley@jd19.law.harvard.edu> wrote:
>
>
> Hello,
>
> I filed the attached document today via email to the Pro Se Intake Unit.  Please let me know if I should mail a paper copy to your office, or if this emailed copy is sufficient for service of the document.
>
> Thank you,
> -Isabel
>
> On Mon, Aug 11, 2025 at 2:03 PM Lillian Cannon <lcannon@nmllplaw.com> wrote:
>
>> Hello Ms. Finley,
>>
>> Please find attached the Waiver of the Service of Summons.
>>
>> Sincerely,

Lillian Cannon

Paralegal

<nesenoff-miltenberg-logo-
signature-240_003190ae-60e3-
4a8a-93b7-933ac40d7d6a.jpg>

**Lillian Cannon**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500

nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have
received it in error, please advise the sender by reply email and immediately delete the message and
any attachments without copying or disclosing the contents.

--
**Isabel Finley** | Harvard Law School 2019 | ifinley@jd19.law.harvard.edu | (413) 537-6383

<Waiver of the Service of Summons.pdf>

# EXHIBIT 2



**Finley, Isabel <ifinley@jd19.law.harvard.edu>**

---

# Finley v. Przybylowski - Notice of Initial Pre-Trial Conference

**Finley, Isabel** <ifinley@jd19.law.harvard.edu>                    Tue, Aug 12, 2025 at 2:21 PM
To: Kristen Mohr <kmohr@nmllplaw.com>, AMiltenberg@nmllplaw.com

Hello Ms. Mohr and Mr. Miltenberg,

I am writing to provide you with a copy of the Court's Notice of Initial Pre-Trial Conference which I received recently in the mail, as well as a copy of Judge Vargas' Individual Rules and Practices, as required by the Notice.

I expect we'll be in touch within the coming weeks and months to discuss possible settlement negotiations and the additional requirements contained in the Notice.

Thank you,
-Isabel

--
**Isabel Finley** | Harvard Law School 2019 | ifinley@jd19.law.harvard.edu | (413) 537-6383

---

**2 attachments**


**Notice of Initial Pre-Trial Conference.pdf**
155K


**JAV Vargas Individual Rules and Practices in Pro Se Cases FEBRUARY 2025.pdf**
151K

# EXHIBIT 3



Finley, Isabel <ifinley@jd19.law.harvard.edu>

---

## Finley v. Przybylowski
4 messages

---

**Kristen Mohr** <kmohr@nmllplaw.com>                        Wed, Oct 22, 2025 at 8:32 AM
To: "Finley, Isabel" <ifinley@jd19.law.harvard.edu>

Please see the attached motion to seal. Do you have time to meet and confer?



New York | Boston | Washington D.C.

**Kristen Mohr**

363 Seventh Avenue, 5th Floor

New York, NY 10001-3904

212.736.4500

nmllplaw.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents.

---

**2 attachments**

 **Przybylowski - Notice of Motion to Seal revised.pdf**
144K

 **Przybylowski - motion to seal MOL Revised 10.21.25 v2.pdf**
194K