UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISABEL FINLEY,

    *Plaintiff,*

v.

THOMAS PRZYBYLOWSKI,

    *Defendant.*

Index No. 1:25-cv-04383-JAV

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO PROCEED BY PSEUDONYM AND TO SEAL COURT RECORD

Plaintiff's Combined Opposition to Defendant's Motion to Proceed by Pseudonym and to Seal Court Record (ECF No. 19) misapprehends both governing law and the limited relief which Defendant seeks. Defendant does not ask this Court to close the courtroom or litigate in secret. Instead, Defendant requests only that his identity be withheld from the public docket and that the small number of filings containing his name be sealed or redacted to prevent further reputational and professional harm stemming from unproven allegations of a deeply intimate nature. Plaintiff's Opposition largely disregards the *Sealed Plaintiff v. Sealed Defendant* balancing framework, mischaracterizes precedent addressing pseudonym plaintiffs as though it foreclosed pseudonymous defendants, and resorts to attacks wholly unrelated to the legal standard.

When the proper factors are applied, the record demonstrates that: (i) this litigation centers on matters of extreme personal sensitivity; (ii) further disclosure would perpetuate serious reputational and professional harm; (iii) Plaintiff suffers no cognizable prejudice because she knows Defendant's true identity; and (iv) the public's generalized interest in open courts is amply protected through access to all pleadings with names redacted.

1

For these reasons, and for those set forth in Defendant's initial submissions, Defendant respectfully requests that the Court grant Defendant's Motion to Proceed by Pseudonym and to Seal Identifying Information.

## ARGUMENT

I. **The *Sealed Plaintiff* Factors Strongly Favor Allowing Defendant to Proceed Under Pseudonym**

The Second Circuit employs a balancing test of competing interests on a case-by-case basis when determining pseudonym status. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008). As stated in Defendant's original Motion, application of the *Sealed Plaintiff* factor test supports anonymity in this case.

### A. This Case Involves Matters of a Highly Sensitive and Personal Nature

Plaintiff concedes that the allegations contained in the Complaint are "of a highly sensitive and personal nature." Opp. at 10. Courts in this Circuit routinely recognize that claims involved alleged sexual conduct—whether the party is accuser or accused—justify pseudonymity to protect privacy. *See Doe v. Colgate Univ.*, No. 15-CV-1069 (LEK) (DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

Plaintiff's suggestion that only victims, and not defendants, may proceed pseudonymously finds no support in the law. *See Doe v. Del Rio, 241 F.R.D. 154, 158 (S.D.N.Y. 2006)*. Protecting all participants in sexual misconduct litigation from unnecessary public exposure furthers the integrity of the process.

### B. Identification Would Cause Irreparable Harm

Exposure of Defendant's identity has already led to termination from a prominent law firm and severe reputational injury. Continued publication would permanently foreclose future employment in the legal profession regardless of the outcome of this litigation, which is precisely

the harm which *Sealed Plaintiff* cautions against. *See also Doe v. Alger,* 317 F.R.D. 37, 42 (W.D. Va. 2016) (granting pseudonymity to student accused of sexual misconduct).

Plaintiff dismisses these injuries as embarrassment, but the law distinguishes between mere discomfort and concrete professional ruin. The record shows the latter.

### C. Plaintiff Suffers No Prejudice from Anonymity

Plaintiff knows Defendant's identity, has communicated with his counsel, and will conduct discovery without limitation. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006). The only 'prejudice' alleged is Plaintiff's stated desire to expose Defendant publicly—an interest which Courts have not recognized as legitimate.

### D. The Public Interest is Minimal and Fully Preserved

This case raises no question of governmental misconduct or systemic policy. It concerns private individuals and alleged private acts. Where, as here, only private rights are at stake, the presumption of public identification carries little weight. The public retains full access to the pleadings, motions, and judicial reasoning.

### E. Defendant Has Acted Promptly and Consistently to Maintain Confidentiality

Contrary to Plaintiff's assertions, Defendant sought pseudonym relief at the earliest possible stage of the litigation following service and before substantive litigation. Plaintiff's focus on minor procedural disagreements and tone does not bear on the *Sealed Plaintiff* factors.

### F. Alternative Protective Measures are Inadequate

Simple redaction or confidentiality agreements cannot remedy the harm of a permanently searchable docket bearing Defendant's name. Once published, the association between Defendant and Plaintiff's allegations is irreversible. Pseudonymity and limited sealing are the narrowest tools to prevent further injury.

## II. Defendant's Motion to Seal Should Also be Granted

Even if the Court were to require limited identification under seal, the small subset of filings bearing Defendant's name should remain sealed or redacted. Here, the documents to be sealed (the Complaint, Answer, and early procedural filings) serve little purpose beyond identifying the parties—the substantive legal reasoning will remain public. Second, the allegations concern explicit sexual conduct. Therefore, public dissemination would inflict severe reputational damage regardless of the outcome of the case. Third, Defendant requests sealing *only* as to personally identifying information, making this request as narrowly tailored as possible.

## III. Plaintiff's Procedural and Personal Attacks are Irrelevant

Plaintiff devotes substantial portions of her Opposition to questioning counsel's diligence, speculating about motives, and disparaging Defendant personally[1]. These arguments do not inform the legal standard and should be disregarded. If anything, Plaintiff's accusatory tone and disparaging remarks only underscore the importance of pseudonymity for Defendant.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendant's original Motions, Defendant respectfully requests that the Court grant his Motion to Proceed by Pseudonym and to Seal Personally Identifying Information.

---

[1] Defendant will provide Plaintiff with copies of any unpublished decisions cited in Defendant's Motion in accordance with Local Civil Rule 7.2.

4

**Dated:** New York, New York
November 11, 2025

                                           **Nesenoff & Miltenberg LLP**
                                           *Attorneys for Defendant*

                                           By: <u>/s/Andrew T. Miltenberg, Esq.</u>
                                           Andrew T. Miltenberg, Esq.
                                           363 Seventh Avenue, 5th Floor
                                           New York, New York 10001
                                           212-736-4500
                                           amiltenberg@nmllplaw.com

## CERTIFICATE OF SERVICE

I, Andrew Miltenberg, hereby certify that on the 11th day of November, 2025, I served the foregoing upon Plaintiff and filed same via the Court's CM/ECF system, thereby effectuating service upon Plaintiff.

/s/ Andrew T. Miltenberg
Andrew T. Miltenberg

## CERTIFICATE OF WORD COUNT IN COMPLIANCE WITH LOCAL RULE 7.1(c)

I hereby certify that pursuant to Local Rule 7.1 (c), of the Local Rules of the United States District Courts for the Southern and Eastern District Courts of New York, that the total number of words in the above Reply in Support of Defendant's Motion to Proceed by Pseudonym and to Seal Court Record, exclusive of the caption, signature blocks, and required certificates, and inclusive of any footnotes and endnotes, is 913, according to the "Word Count" function of Microsoft Word, the word processing system used to prepare the document.

/s/ Andrew T. Miltenberg
Andrew T. Miltenberg