

Ira S. Nesenoff
Andrew T. Miltenberg
Stuart Bernstein
_____
Tara J. Davis
Gabrielle M. Vinci
Kara L. Gorycki

Barbara H. Trapasso
Kristen E. Mohr
Helen J. Setton
Rodman W. Streicher
Kirsten E. Roy

Adrienne D. Levy
Regina M. Federico
Kimberly S. Courtney
*Senior Litigation Counsel*

Marybeth Sydor
*Title IX Consultant*

**ATTORNEYS AT LAW**
_____
**nmllplaw.com**

November 18, 2025

**VIA ECF**
Hon. Jeannette A. Vargas
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    **<u>Isabel Finley v. Thomas Przybylowski</u>**
                  **<u>Case No. 1:25-cv-04383-JAV</u>**

Honorable Judge Vargas:

      The parties respectfully submit this joint letter in accordance with the Court's July 25, 2025 directive (ECF No. 7).

### I.    <u>Nature of the Action and Principal Defenses</u>

#### a. Plaintiff's Position

      Plaintiff brings claims under the New York City Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1101 et seq., alleging that Defendant raped and sexually assaulted her in New York City on May 27, 2018. She seeks compensatory, economic, emotional-distress, and punitive damages, as well as attorneys' fees and costs.

#### b. Defendant's Position

      Defendant denies all allegations of sexual assault and denies that his conduct caused any injury to Plaintiff. Defendant asserts multiple affirmative defenses including failure to state a claim, lack of damages, laches, proportional liability, and challenges to punitive damages. Defendant seeks dismissal of the Complaint with attorneys' fees and costs.

### II.    <u>Basis for Jurisdiction and Venue</u>

      The Complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging Plaintiff is a citizen of Vermont and Defendant is a citizen of New Jersey, and the amount in



controversy exceeds $75,000. Venue is alleged to be proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the Southern District of New York. Personal jurisdiction is asserted under CPLR § 302(a)(2). Neither party challenges jurisdiction or venue for purposes of this action.

### III.    Existing Deadlines and Outstanding Motions

There are three pending motions currently before the Court: (i) Defendant's Motion to Vacate Default Judgment; (ii) Defendant's Motion to Proceed Under a Pseudonym; (iii) Defendant's Motion to Seal.

### IV.    Discovery

No discovery has taken place between the parties to date.

### V.    Settlement Status

Plaintiff has made an initial settlement demand to Defendant. The parties have discussed and are open to pre-discovery mediation. Plaintiff prefers mediation facilitated by the Court, such as a settlement conference before a Magistrate Judge or use of the SDNY Mediation Program, to avoid the costs associated with a private mediator. The parties agree that pre-discovery mediation, whether through a Magistrate Judge or the District's Mediation Program, may be productive and cost-efficient. The parties believe ADR could occur promptly, including within the next sixty days, subject to the Court's availability and taking into account the pending motions.

**Nesenoff & Miltenberg LLP**
*Attorneys for Defendant*

By: /s/Andrew T. Miltenberg, Esq.
Andrew T. Miltenberg, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, 5th Floor
New York, New York 10001
212-736-4500
amiltenberg@nmllplaw.com
kmohr@nmllplaw.com


By: Isabel Finley
Plaintiff