**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**ISABEL P. FINLEY,**  Index No. 1:25-cv-04383-JAV

               ***Plaintiff,***  **ANSWER**

   **-against-**

**THOMAS H. PRZYBYLOWSKI,**

               ***Defendant.***
-------------------------------------------------------------------X

      Defendant Thomas H. Przybylowski ("Przybylowski" or "Defendant"), by and through his undersigned counsel as and for his answer to the Complaint (the "Complaint") of Isabel P. Finely ("Finley" or "Plaintiff"), respectfully states and alleges as follows:

      1.     Denies the allegation contained in paragraph 1 of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

      3.     Admits that Defendant is a resident citizen of the State of New Jersey.

      4.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

      5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

      6.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

      7.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the Complaint.

## CAUSES OF ACTION

### COUNT I
### Gender Motivated Violence pursuant to N.Y.C. Admin. Code § 10-1103 and N.Y. Penal Law § 130.35 (Rape in the First Degree)

78. Defendant repeats and realleges his responses to the preceding paragraphs as if set forth more fully herein.

79. Denies the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint.

### COUNT II
### Gender Motivated Violence pursuant to N.Y.C. Admin. Code § 10-1103 and N.Y. Penal Law § 130.20 (Sexual Misconduct)

82. Defendant repeats and realleges his responses to the preceding paragraphs as if set forth more fully herein.

83. Denies the allegations contained in paragraph 83 of the Complaint.

84. Denies the allegations contained in paragraph 84 of the Complaint.

85. Denies the allegations contained in paragraph 85 of the Complaint and states that this paragraph contains legal conclusions.

### COUNT III
### Gender Motivated Violence pursuant to N.Y.C. Admin. Code § 10-1103 and N.Y. Penal Law § 130.65 (Sexual Abuse in the First Degree)

86. Defendant repeats and realleges his responses to the preceding paragraphs as if set forth more fully herein.

87. Denies the allegations contained in paragraph 87 of the Complaint.

88. Denies the allegations contained in paragraph 88 of the Complaint.

89. Denies the allegations contained in paragraph 89 of the Complaint.

## COUNT IV
### Gender Motivated Violence pursuant to N.Y.C. Admin. Code § 10-1103 and N.Y. Penal Law § 130.67 (Aggravated Sexual Abuse in the Second Degree)

90. Defendant repeats and realleges his responses to the preceding paragraphs as if set forth more fully herein.

91. Denies the allegations contained in paragraph 91 of the Complaint.

92. Denies the allegations contained in paragraph 92 of the Complaint.

93. Denies the allegations contained in paragraph 93 of the Complaint.

## COUNT V
### Gender Motivated Violence pursuant to N.Y.C. Admin. Code § 10-1103 and N.Y. Penal Law § 130.52 (Forcible Touching)

94. Defendant repeats and realleges his responses to the preceding paragraphs as if set forth more fully herein.

95. Denies the allegations contained in paragraph 95 of the Complaint.

96. Denies the allegations contained in paragraph 96 of the Complaint.

97. Denies allegations contained in paragraph 97 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

98. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury or damage as the result of any act, conduct or omission by the Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

100. If any liability is found against the Defendant, then said liability shall be apportioned among the Plaintiff and the Defendant consistent with the degree of culpability that each will be found to have in relation to the entire measure of culpability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

101.   Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

102.   Defendant did not owe the Plaintiff any duties.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

103.   Defendant did not breach any duties owed to Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

104.   Plaintiff's damages, if any, resulted from the actions of parties over whom Defendant had no control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

105.   Plaintiff's Complaint is frivolous entitling Defendant to attorneys' fees.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

106.   Plaintiff's damages, if any, were not proximately related to any alleged conduct of Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

107.   The Plaintiff is not entitled to recover punitive or other damages and has failed to comply with the requirements to establish a claim for punitive damages and is barred from such recovery.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

108.   Defendant reserves all of his rights to add further affirmative defenses during the course of this proceeding upon discovery of additional facts or other good causes.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, together with the attorneys' fees, costs and disbursements of this action.

## COUNTERCLAIMS

Now having fully answered the Complaint, Answering Defendant herein assumes the role of Counter-Plaintiff and would show unto this Court the following:

## PARTIES

109. Counter-Plaintiff Thomas Przybylowski is a natural person and citizen of the State of New Jersey.

110. Counter-Defendant Isabel Finley is a natural person and a citizen of the State of Vermont.

## JURISDICTION AND VENUE

111. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

112. This Court has personal jurisdiction over Finley on the ground that her actions took place within the State of New York.

113. Venue for this action properly lies in this district pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTERCLAIMS

114. In the Spring of 2018, Przybylowski was working as an associate at the law firm Schulte Roth & Zabel in New York.

115. During that same time, Finley was working as a summer associate at the law firm Davis Polk & Wardwell LLP while attending Harvard Law School.

116. On the evening of May 26, 2018, Przybylowski went to bars in New York City with his friends.

117. Later that evening, Przybylowski met up with Przybylowski's then-colleague, Lauren Davis at Beauty Bar located on East 14th Street.

118. Lauren Davis brought along her friend, Isabel Finley, and introduced Finley to Przybylowski. This was Przybylowski's first time meeting Finley.

119. While at Beauty Bar, Finley and Przybylowski danced together.

120. Throughout the night, Finley became increasingly affectionate towards Przybylowski, dancing closely and kissing him.

121. Przybylowski then asked Finley if she wanted to go back to his apartment, and Finley said yes.

122. Przybylowski and Finley then proceeded to Przybylowski's apartment.

123. Upon entering the apartment, Przybylowski walked to his room, and Finley followed.

124. Przybylowski and Finley then engaged in consensual kissing and partially undressed themselves.

125. Przybylowski then asked Finley if she would engage in oral sex.

126. Finley said yes, and willingly performed oral sex on Przybylowski.

127. When it became apparent that Przybylowski was unable to achieve an erection from the oral sex, Finley became embarrassed and upset.

128. Przybylowski comforted Finley, and they mutually agreed to attempt to continue.

129. However, Przybylowski was still unable to achieve an erection.

130. Finley then cried, becoming more embarrassed and upset, and left Przybylowski's apartment.

131. Przybylowski was shocked and confused by Finley's outburst, as Finley had been incredibly affectionate the entire night.

132. The next day, still confused by Finley's outburst, Przybylowski texted Lauren Davis asking what happened.

133. Davis brushed off Przybylowski's inquiry and stated that everything was fine with Finley.

134. Davis then mentioned to Przybylowski that he had told Finley to text him before she left his apartment.

135. Davis asked if that "was something he wanted" or if that was just Przybylowski being "good guy Tom."

136. Przybylowski responded by saying that he wanted to check in with her, but was not looking for a serious relationship.

137. On information and belief, Finley was upset that Przybylowski did not want a relationship and as a result set out on a smear campaign against Przybylowski.

138. Significantly, Davis never stated to Przybylowski that Finley even mentioned sexual assault to her.

139. The following Monday, Przybylowski saw Davis in the office and asked her if she knew why Finley had her outburst following their encounter.

140. Davis told Przybylowski that Finley was particularly embarrassed due to a prior experience that Finley had with another man, and that it had nothing to do with Przybylowski.

141. Przybylowski and Finley did not engage in further conversation until approximately one week later, when Davis, Przybylowski, and Finley attended an event together in New York City.

142. Davis invited Przybylowski to her apartment prior to the event, where Finley was also staying.

143. The three then traveled to the event together and sat together for the remainder of the evening.

144. Finley was friendly with Przybylowski the entire night, and never mentioned an assault.

145. Finley has attempted to coin herself as an advocate for women's rights and, on information and belief, has only brought allegations of assault against Przybylowski in an attempt to bolster her advocacy credibility.

146. Finley *never* mentioned an alleged assault to Przybylowski in the last *seven years*, because Przybylowski did not assault Finley.

147. On information and belief, however, Finley has spread the false allegations to numerous third parties leading up to the filing of her Complaint, stating that Przybylowski raped her.

148. Further, on information and belief, Finley's legal career has not materialized as expected after graduating from Harvard University, and accordingly, Finley has brought this case *seven years later* to attempt to place blame for her career and to obtain a payoff from Przybylowski, whom Finley knows was a successful lawyer.

149. Przybylowski only learned of Finley's allegations when she filed her Complaint against him on May 23, 2025.

150. As a result of Finley's false allegations, Przybylowski has falsely been branded as a sexual predator, has suffered extreme mental distress, and has been fired from his job.

## AS AND FOR A FIRST COUNTERCLAIM
**Tortious Interference with Contract**

151. Przybylowski repeats and realleges each and every allegation above as if fully set forth herein.

152. "To establish a claim for intentional interference with contract under New York law, the plaintiff must show: (1) 'the existence of its valid contract with a third party'; (2) the 'defendant's knowledge of that contract'; (3) the 'defendant's intentional and improper procuring of a breach'; and (4) resulting damages. *Richardson v. Pratcher*, 48 F. Supp. 3d 651, 673 (S.D.N.Y. 2014) (quoting *White Plains Coat & Apron Co. v. Cintas Corp.,* 8 N.Y.3d 422, 835 N.Y.S.2d 530, 867 N.E.2d 381, 383 (2007)).

153. Finley intentionally interfered with Przybylowski's contract with his employer, Pomerantz LLP.

154. At the time Finley filed her Complaint, Przybylowski was employed by Pomerantz LLP and as such, his employment was established by contract.

155. Finley made false and misleading statements in her Complaint and to third parties with the intention of causing harm to Przybylowski.

156. Finley, on information and belief, made the statements contained in the Complaint with the intent of derailing Przybylowski's career and having him fired.

157. Finley, on information and belief, knew that Pomerantz LLP would see the public complaint that she filed against Przybylowski containing the False Statements.

158. The actions of Finley harmed Przybylowski. Indeed, upon learning of Finley's Complaint, Pomerantz LLP fired Przybylowski.

159. Based upon the foregoing, Finley intentionally interfered with Przybylowski's contractual relations in violation of New York law.

160. As a direct and proximate result of said unlawful conduct, Przybylowski has suffered, among other things, emotional distress, financial losses, and reputational damage.

161. As a further result of Finley's actions, Przybylowski has suffered severe emotional distress and turmoil, and immense trauma.

162. As a result, Przybylowski claims compensatory and punitive damages herein in an amount to be determined at trial

**AS AND FOR A SECOND COUNTERCLAIM**
**Intentional Infliction of Emotional Distress**

163. Przybylowski repeats and realleges each and every allegation above as if fully set forth herein.

164. By making the defamatory statements described above and embarking on a smear campaign against Przybylowski, Finley engaged in extreme and outrageous conduct.

165. By filing a public Complaint full of lies against Przybylowski, Finley engaged in extreme and outrageous conduct that exceeded all possible bounds of decency.

166. Finley engaged in the extreme and outrageous conduct with the intent to cause Przybylowski severe emotional distress.

167. By engaging in the extreme and outrageous conduct, Finley disregarded the substantial probability that her threats and lies would cause Przybylowski severe emotional distress.

168. Finley's defamatory statements and threats are the direct and proximate cause of the severe emotional distress that Przybylowski is experiencing.

169. Finley's defamatory statements and threats have caused Przybylowski to experience severe emotional distress, including emotional pain and suffering, humiliation,

embarrassment, anxiety, loss of enjoyment of life, extreme emotional trauma, loss of appetite, insomnia, depression, and panic attacks.

170. As a result, Przybylowski claims compensatory and punitive damages herein in an amount to be determined at trial.

## PRESERVATION OF DEFENSES

171. Defendant reserves the right to raise additional and other affirmative defenses that may subsequently become or may appear upon information and belief to be applicable to the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Thomas Przybylowski seeks judgment against Isabel Finley as follows:

i. On the First Cause of Action for Tortious Interference with Contract, judgment against Finley awarding Przybylowski damages in an amount to be determined at trial, including actual and compensatory damages, reputational damages, emotional distress damages, prejudgment interest, attorneys' fees, costs, expenses, and disbursements;

ii. On the Second Cause of Action for Intentional Infliction of Emotional Distress, judgment against Finley awarding Przybylowski damages in an amount to be determined at trial, including actual and compensatory damages, reputational damages, emotional distress damages, prejudgment interest, attorneys' fees, costs, expenses, and disbursements; and

iii. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Thomas Przybylowski herein demands a trial by jury of all triable issues in the present matter.

Dated: New York, New York
       December 5, 2025

                                       **NESENOFF & MILTENBERG, LLP**

                                       By: /s/ Andrew T. Miltenberg
                                          Andrew T. Miltenberg, Esq.
                                          Kristen E. Mohr, Esq.
                                          363 Seventh Avenue, Fifth Floor
                                          New York, New York 10001
                                          (212) 736-4500
                                         *Attorneys for Defendant Thomas H.*
                                          *Przybylowski*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**ISABEL P. FINLEY,**                                                                 Index No. 1:25-cv-04383-JAV

                         *Plaintiff*,

    -against-

**THOMAS H. PRZYBYLOWSKI,**

                         *Defendant.*
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I, Andrew T. Miltenberg, hereby certify that on the 5th day of December, 2025, I served foregoing upon Plaintiff via FedEx and filed same via the Court's CM/ECF system, thereby effectuating service upon Plaintiff.

                                                            By: /s/ *Andrew T. Miltenberg*
                                                             Andrew T. Miltenberg, Esq.
                                                             363 Seventh Avenue, 5th Floor
                                                             New York, New York 10001
                                                             212-736-4500
                                                             amiltenberg@nmllplaw.com