```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ISABEL P. FINLEY,                                                 :
                                                                  :
                                                                  :
                        Plaintiff,                                :
                                                                  :       25-CV-04383 (JAV)
        -v-                                                       :
                                                                  :       OPINION AND ORDER
THOMAS H. PRZYBYLOWSKI,                                           :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Before the Court are two motions by Defendant Thomas Przybylowski: (1) a motion to proceed by pseudonym and obtain a protective order barring Plaintiff from disclosing Defendant's identity, ECF No. 15, and (2) a motion to seal the court record, ECF No. 16. Plaintiff Isabel Finley, proceeding *pro se*, opposes both motions. ECF No. 19. Considering the factors set forth in the Second Circuit's balancing test for a movant's request to proceed anonymously, the Court finds that Defendant's privacy interest in this case does not outweigh the presumption of openness in court proceedings, the public interest, and potential prejudice to Plaintiff were he to proceed by pseudonym. For the following reasons, both motions are DENIED.

## BACKGROUND

Plaintiff and Defendant are attorneys who met seven years ago as summer associates at different prominent law firms in New York City. ECF No. 1 ("Compl."), ¶¶ 7-11; ECF No. 14-7 ("Prop. Ans."), ¶ 11. Plaintiff brings her civil

damages suit under the New York City Gender-Motivated Violence Act ("GMVA"), New York City Administrative Code §§ 10-1101 et seq., and New York Penal Law §§ 130 et seq. Compl., ¶¶ 1, 79-97. She alleges that Defendant violently raped and sexually assaulted her on the night they met, causing her physical, professional, and psychological damage. *Id.*, ¶¶ 24-44. Defendant denies all allegations of nonconsensual conduct. *See generally* Prop. Ans.

Defendant has submitted a declaration in support of his motions. Defendant claims that he and Plaintiff engaged in consensual sexual activity in May 2018. ECF No. 15-1 ("Def. Decl."), ¶ 5. Defendant attests that he was "terminated from [his] employment with a top law firm on October 13, 2025 as a result of the Plaintiff's Complaint and false allegations," *id.*, ¶ 9, and that he fears that it would be "nearly impossible" to obtain employment with his name attached to this lawsuit, *id.*, ¶ 11. He also claims to fear that his physical safety could be placed at risk. *Id.*

## LEGAL STANDARDS

Under Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[I]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* at 189 (citation omitted). Yet courts have also "carved out a limited number of exceptions

to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Id.* (cleaned up).

To aid district courts in identifying this "limited number of exceptions," the Second Circuit in "*Sealed Plaintiff* set forth a balancing test under which courts should weigh 'the [movant's] interest in anonymity' against 'both the public interest in disclosure and any prejudice to the [non-movant].'" *United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (quoting *Sealed Plaintiff*, 537 F.3d at 189). That balancing test weighs the following ten factors, with the Second Circuit's "caution that this list is non-exhaustive" and that "district courts should take into account other factors relevant to the particular case under consideration":

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or[,] even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189-90 (cleaned up).  The *Sealed Plaintiff* factors govern Defendant's motion to proceed by pseudonym.

As to Defendant's motion to seal, courts apply a three-part test to determine if sealing is appropriate.  First, courts must determine whether the records at issue are judicial documents, that is, whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted).  Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access as "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (citation omitted).  Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

## DISCUSSION

After a careful balancing of the relevant interests, the Court finds that both the *Sealed Plaintiff* factors and the *Lugosch* factors weigh against Defendant's anonymity in this proceeding.

**A.     Defendant's Interest in Proceeding by Pseudonym and Prohibiting Plaintiff from Disclosing His Identity is Outweighed by the Public Interest and Prejudice to Plaintiff**

In his motion to proceed by pseudonym, Defendant relies heavily on factors one and two of the *Sealed Plaintiff* test, emphasizing the sensitive nature of the allegations and the damage his career has already incurred since being named in

4

the Complaint. Def. Decl., ¶¶ 9-12; ECF No. 15-2 ("Def. Mem.") at 2-9. However, after balancing of all the *Sealed Plaintiff* factors, the Court concludes that the economic and reputational harms that Defendant has faced and may face as a party to this action, substantial though they may be, are outweighed by the public interest in access to judicial proceedings. *Sealed Plaintiff*, 537 F.3d at 191 n.4 ("[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.").

Applying the *Sealed Plaintiff* factors, it is uncontested that this action concerns matters of a highly sensitive and personal nature, per factor one of the *Sealed Plaintiff* test. This Court agrees that "[a]llegations of sexual assault are paradigmatic examples of highly sensitive and personal claims." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (cleaned up). Motions seeking the use of a pseudonym often arise in litigation concerning allegations of sexual assault, although the courts more commonly see these motions brought on behalf of plaintiffs. *See, e.g.*, *Doe v. Kimmel*, No. 24-CV-3201 (JMF), 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024) ("many courts have held that alleged victims of rape and sexual assault have a strong interest in proceeding anonymously") (internal quotation marks omitted) (citing cases).

Yet courts in this District routinely deny motions seeking anonymity brought in the context of sexual assault absent a heightened showing of harm. For example, with respect to claims brought by adult plaintiffs who allege they are the victims of

5

sexual abuse, a claim that such victims have and will continue to suffer physical or psychological damage, an invasion of privacy, or reputational harm is generally not sufficient to entitle a plaintiff to proceed anonymously. *Doe v. Alexander*, No. 25-CV-01631 (JAV), 2025 WL 784913, at *2 (S.D.N.Y. Mar. 12, 2025); *Rapp,* 537 F. Supp. 3d at 528 (denying Plaintiff's motion to proceed by pseudonym, as "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym" (citation omitted)).

"The rule is the same for a plaintiff as for a defendant who is accused and who might want to keep his or her identity confidential." *Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *see also Doe v. Doe*, No. 20-CV-5329 (KAM) (CLP), 2020 WL 6900002, at *2 (E.D.N.Y. Nov. 24, 2020) ("this Court sees no reason why the Sealed Plaintiff factors would not apply where a defendant sought to proceed anonymously" (cleaned up)). Any defendant accused of perpetrating a violent sexual assault potentially suffers harm to their reputation. Yet "[c]ourts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser." *Branca*, 2022 WL 2713543, at *2. Accordingly, "something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault." *Id.* "[T]hat something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Id.* "Were it

6

otherwise, virtually all claims of adult sexual assaults **w**ould *ipso facto* proceed anonymously." *Id.*

Factor two of the *Sealed Plaintiff* test contemplates "retaliatory physical or mental harm to the party seeking to proceed anonymously or[,] even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190 (cleaned up). However, "the risk of social stigmatization and embarrassment is insufficient to proceed anonymously[,] and courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) (cleaned up); *see also Abdel-Razeq v. Alvarez & Marsal, Inc.,* No. 14-CV-5601 (HBP), 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (finding against party seeking anonymity due to financial hardship and loss of professional goodwill); *see also Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) ("Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." (citation omitted)); *Chalmers v. Martin*, No. 21-CV-02468 (NRN), 2021 WL 6136179, at *2 (D. Colo. Dec. 28, 2021) ("The supposed harm from being the target of a lawsuit alleging sexual abuse is not enough to justify shrouding this case with a veil of secrecy."). Although Defendant attests that his physical safety is at risk, Defendant's statements are conclusory and lack any specificity or evidentiary support. Def. Decl., ¶ 11. *Sealed Plaintiff* factor two weighs in favor of Defendant's motion, but not dispositively.

With respect to factor three, whether identification presents other harms, Defendant represents that he has already faced professional and economic harm as a consequence of being named in this action, having been "fired from his job as a lawyer as a result of Plaintiff's allegations." Def. Mem. at 6. This factor thus weighs in favor of Defendant.

Factors four and five, the particular vulnerability of the movant due to age and whether the movant challenges government actors or private parties, weigh against Defendant. He is an adult now and was at the time of the alleged assault, and Plaintiff is a private party.

Factor six likewise weighs against Defendant, as Plaintiff Finley would be prejudiced by Defendant's anonymity in this action. "[F]undamental fairness suggests that defendants are prejudiced when required to defend themselves publicly before a jury while plaintiffs make accusations from behind a cloak of anonymity." *Rapp*, 537 F. Supp. 3d at 531-32 (cleaned up). The same concerns are at stake in unidirectionally anonymous actions where the parties are reversed. Additionally, by keeping Defendant's identity non-public, "information about only one side may thus come to light," both prejudicing the non-movant and hindering "the judicial interest in accurate fact-finding and fair adjudication." *Id.* at 531 (citations omitted).

Factor seven weighs against the motion as Defendant's identity has not been kept confidential thus far. His name has been on the public litigation docket since May, he alleges that he has already been fired from his job as a result of external

8

knowledge of the claims against him, and it has been over seven years since Plaintiff has begun disclosing his identity to other parties.

Factor eight weighs most strongly against granting anonymity. As a Utah district court recently stated in a similar case, "[i]n nearly *all* civil and criminal litigation filed in the United States Courts, one party asserts that the allegations leveled against it by another party are patently false, and the result of the litigation may quickly prove that." *Miller v. Fluent Home, LLC*, No. 2:20-CV-00641, 2020 WL 5659051, at *2 (D. Utah Sept. 23, 2020) (emphasis added). Yet we retain "the existence of a common-law right of access to judicial records" anyway, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), because "[t]he notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 238 (2d Cir. 2014). Just as "it does not follow that the public has an interest in maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature," *Rapp*, 537 F. Supp. 3d at 533, so too it does not follow that the public has an interest in maintaining the anonymity of every person who is accused of sexual assault or other misconduct of a highly personal nature. This is in part because "sexual assault and discrimination" are "issues . . . of the type that further the public's interest in enforcing legal and social norms[,] . . . and the public interest in sexual assault and discrimination is very high." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019) (citation omitted). The Court's presumption of public access favors disclosure of Defendant's name.

9

As to factor nine, favoring disclosure where issues of the case are purely legal, "[h]ere, there are no abstract questions of law at issue. Rather, Plaintiff alleges that she was sexually assaulted. . . . Any analysis and litigation in this case will be factual in nature." *Id.* at 408. Factor ten favors disclosure as well. In lieu of proceeding by pseudonym, the parties may seek to redact particularly sensitive documents in the court record or pursue a protective order as to certain discovery.

### A. Defendant's Motion to Seal Fails on Well-Established Grounds

"If the purported falsity of the complaint's allegations were sufficient to seal an entire case, then the law would recognize a presumption to seal instead of a presumption of openness." *Miller*, 2020 WL 5659051, at *2; *see also In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 603 (S.D.N.Y. 2011) ("sealing an entire case file is a last resort") (quoting The Judicial Conference of the United States, *Judicial Conference Policy on Sealed Cases* (Sept. 13, 2011), https://www.uscourts.gov/sites/default/files/judicialconferencepolicyonsealedcivilcases2011.pdf). Defendant's motion to seal the entire court record up to this point fails the three-step *Lugosch* test. He seeks to seal clearly judicial records (pleadings) with a heavy presumption of public access, and although the subject matter he seeks to seal includes sensitive and private matters, as previously discussed, "[t]he nature and degree of the injury" that he would suffer if that privacy interest were not protected does not overcome the public's right of access to the pleadings in this case. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citation omitted).

10

## CONCLUSION

Defendant's motions to (1) proceed by pseudonym and obtain a protective order preventing Plaintiff from revealing his identity and (2) to seal the court record are DENIED. The Clerk of Court is directed to terminate ECF Nos. 15-16.

SO ORDERED.

Dated: December 15, 2025
     New York, New York

                                            JEANNETTE A. VARGAS
                                            United States District Judge