UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISABEL P. FINLEY,<br><br>            Plaintiff,<br><br>      v.<br><br>THOMAS H. PRZYBYLOWSKI,<br><br>            Defendant. | Index No. 1:25-cv-04383-JAV |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS FOR TORTIOUS INTERFERENCE WITH CONTRACT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Isabel P. Finley
*Pro Se*

27 Pine Ridge Road.
Underhill, VT 05489
ifinley@jd19.law.harvard.edu
(646) 402-5067

i

## **TABLE OF CONTENTS**

I. FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) ........................................1

   a. Defendant has provided no compelling, applicable caselaw to support allowing his baseless and insufficiently pled counterclaims to proceed ........................................................................1

II. SUBJECT MATTER JURISDICTION ...............................................................................4

   a. Defendant misunderstands the pleading requirements for establishing amount in controversy, requiring dismissal of all counterclaims for lack of subject matter jurisdiction.....4

III. LEAVE TO AMEND ...........................................................................................................5

   a. Legal Standard ...................................................................................................................5

   b. Pursuant to Fed. R. Civ. P. 15, the applicable case law, and the specific procedural history of this case, Defendant's counterclaims must be dismissed with prejudice and the defendant denied any leave to amend ............................................................................................................7

IV. CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Ahmed v. Astoria Bank*, No. 14-CV-04595-JBW (E.D.N.Y. July 16, 2015), ECF No. 40 ............. 6

*Bennice v. Fleishman*, 164 F.3d 820 (2d Cir. 1999) ................................................................... 3

*Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122 (2d Cir. 2008) ............................................ 5

*Foman v. Davis*, 371 U.S. 178 (1962). ........................................................................................ 5

*Goldman v. Reddington*, No. 18-CV-03662-RPK-ARL (E.D.N.Y. Apr. 21, 2021), ECF No. 116 ................................................................................................................................... 6, 7, 9

*Holmes v. Grubman*, 568 F.3d 329 (2d Cir. 2009) ...................................................................... 6

*Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007) ....................................... 6, 9

*Kirch v. Liberty Media Corp.*, 449 F.3d 388 (2d Cir. 2006) ........................................................ 2

*Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d. 413 (1996) ................................................. 2

*LinkCo, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492 (S.D.N.Y. 2002) ............................................. 2

*Medtech Prods. v. Ranir, LLC*, 596 F. Supp. 2d 778 (S.D.N.Y. 2008) .......................................... 2

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000) .............................................. 6

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F.Supp. 2d 453 (S.D.N.Y. 2012); ............ 6

*Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-03749-KMW-DF (S.D.N.Y. Aug. 14, 2009), ECF No. 104 ................................................................................................................ 6

*Williams v. Town of Hempstead*, No. 16-CV-01992-ADS-AYS (E.D.N.Y. Oct. 18, 2017), ECF No. 78 ............................................................................................................................ 6, 7, 9

**Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................................................ 5

Fed. R. Civ. P. 16(b) ................................................................................................................ 5, 6

**Other Authorities**

Tatyana Monnay, *Ex-Pomerantz Associate Accused of Rape Is Denied Anonymity*, BLOOMBERG NEWS (Dec. 16, 2025), available at: https://news.bloomberglaw.com/business-and-practice/ex-pomerantz-associate-denied-anonymity-in-rape-suit-against-him. ............................................. 9

I. <u>**FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**</u>

    a. <u>**Defendant has provided no compelling, applicable caselaw to support allowing his baseless and insufficiently pled counterclaims to proceed.**</u>

Mr. Przybylowski improperly characterizes Plaintiff's motion to dismiss as one designed to prematurely "resolve credibility determinations that are expressly reserved for the trier of fact." ECF No. 32 at 5. This characterization does not relieve Defendant of his obligation to allege facts, even all taken as true as is required at this stage, to adequately plead the actual elements of his counterclaims. Defendant's allegations fall far short of stating a claim with regard to both his counterclaims.

For example, Plaintiff has argued that Defendant failed to plead any facts regarding the existence of his valid contract with Pomerantz (as required to satisfy the first element of tortious interference with contract). Mr. Przybylowski, in response, provides authority suggesting at-will employment arrangements should be considered contractual. *See* ECF No. 32 at 9–10. This is inapposite, as nowhere in his Second Proposed Answer does he actually state any facts regarding the existence of a valid contract, at will or otherwise. Rather, Mr. Przybylowski only made the conclusory statement that, by virtue of being employed by Pomerantz LLP, "his employment was established by contract." ECF No. 27 ("Second Prop. Ans.") at ¶ 154. While this may be true, the defendant never actually pled the facts regarding that contract to establish its validity, as required by the elements (i.e., he never mentioned whether it was an at-will arrangement, a specific written contract, or any type of *valid* contract between himself and Pomerantz). Thus, he failed to plead the first element of tortious interference with contract.

Defendant similarly failed to plead any facts alleging the [counter]defendant's "knowledge of the contract" at issue, as is required to state a claim for tortious interference

1

with contract, *see Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401–02 (2d Cir. 2006) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d. 413, 424 (1996) (internal quotation marks omitted). Mr. Przybylowski relies on the same authority Plaintiff cited in her motion: "Although a defendant need not be aware of all the details of a contract, it must have **actual knowledge** of the **specific** contract," *Medtech Prods. v. Ranir, LLC*, 596 F. Supp. 2d 778, 796 (S.D.N.Y. 2008) (quoting *LinkCo, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492,495 (S.D.N.Y. 2002)) (emphasis added). *See* ECF No. 32 at 10. But he wholly failed to meet this pleading requirement, and his opposition merely restates his cursory allegations that Plaintiff knew of his employment. Mr. Przybylowski's argument that actual knowledge may be "inferred" is wholly inconsistent with *Medtech*'s standard requiring *actual knowledge of the specific contract*, not of mere employment.

      Defendant's responses to Plaintiff's arguments regarding the last three elements of tortious interference with contract are even more telling, as they comprise only three brief, inapposite paragraphs. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401–02 (2d Cir. 2006) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d. 413, 424 (1996) (explaining that the last three elements of tortious interference with contract are "(3) the [counter]defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom"). Most strikingly, Defendant fails to discuss the alleged breach of his contract at all, underscoring the invalidity of the claim and necessitating its dismissal with prejudice.

      Mr. Przybylowski similarly fails to squarely address Plaintiff's arguments in favor of dismissal of his counterclaim for intentional infliction of emotional distress (IIED). Instead, he provides authority that does not support his position. *See* ECF No. 32 at 13 (stating that

New York courts have "sustained IIED claims where the plaintiff suffers 'some **combination** of public humiliation, false accusations of criminal or heinous conduct, verbal abuse or harassment, physical threats, permanent loss of employment, or conduct contrary to public policy'") (quoting *Bennice v. Fleishman*, 164 F.3d 820, 828–29 (2d Cir. 1999)) (emphasis added). Nowhere in Mr. Przybylowski's Second Proposed Answer is he able to allege *multiple* of these harms, even taking as true his assertions that the allegations are false. Defendant's repeated lamentations regarding his firing from Pomerantz simply do not demonstrate that he has come even close to adequately pleading a valid claim for IIED. Similarly, he fails to address Plaintiff's authorities requiring him to plead sufficient facts of his purported emotional distress, simply stating that Plaintiff's argument "is conclusory ignores settled pleading law [sic]," ECF No. 32 at 13.

In sum, Defendant has provided no legal authority to allow his counterclaims to proceed under the circumstances in this case, even accepting all of his alleged facts as true.

Contrary to the threadbare and conclusory allegations in Mr. Przybylowski's counterclaims, the plaintiff in this action has not engaged in any "calculated smear campaign," ECF No. 32 at 13, and has engaged in absolutely no conduct which could be construed as "outrageous" for the purposes of an IIED claim. Rather, following being violently raped by Mr. Przybylowski and facing horrific personal, psychological, and professional consequences, Plaintiff disclosed the assault to a handful of friends, trusted professors, and medical personnel, and reported the rape to the Manhattan District Attorney's Office in 2019, before ultimately making the difficult decision to file this lawsuit just before the statute of limitations ran out. These facts hardly constitute a "deliberate campaign[] of false accusations designed to cause maximum reputational and emotional harm," ECF No. 32

at 12, or a "calculated smear campaign," *id.* Moreover, these facts make this case completely distinguishable from cases where IIED claims have been allowed to proceed—such as those where counter-defendants were alleged to have engaged in significant behavior directed at harassing or humiliating the defendant and/or his friends and family. Plaintiff has done no more than bring this suit, and Defendant's counterclaim asks this Court to create IIED liability for asserting one's right to pursue damages for rape.

Were this Court to allow Mr. Przybylowski's counterclaims to go forward, it would send a message to all victims of sexual assault that even if they responsibly seek support from close associates, obtain post-assault medical care, report a crime to the District Attorney's Office, or even file a civil lawsuit, those actions alone may be sufficient to subject them to civil liability. It does not take much to realize the enormous chilling effect this would have on victims' reporting of sexual assault—or even on their mere disclosures to trusted friends or doctors. Remedies, including legal ones, must remain available to victims— remedies that do not deprive those accused of their due process, but which, critically, also do not allow victims of violent sexual assaults to be scared into silence by baseless counterclaims, simply for asking for help from the friends, doctors, and justice system from whom they are quite literally taught to seek help.

II. **SUBJECT MATTER JURISDICTION**

    a. **Defendant misunderstands the pleading requirements for establishing amount in controversy, requiring dismissal of all counterclaims for lack of subject matter jurisdiction.**

Mr. Przybylowski provides only one paragraph in response to Plaintiff's argument for dismissal for lack of subject matter jurisdiction, wherein he erroneously states that his conclusory allegation that damages exceed $75,000.00 is sufficient "unless it appears to a

legal certainty that recovery is impossible." ECF No. 32 at 14. Yet Mr. Przybylowski fails to address that his counterclaims simply fail to make *any* specific allegations regarding damages, other than the inclusion of that $75,000.00 number in the "Jurisdiction and Venue" section. Even more saliently, Mr. Przybylowski's Second Proposed Answer repeatedly states that he claims damages "**in an amount to be determined at trial**," ECF No. 27 at ¶¶ 162, 170; p. 16 (emphasis added)—thereby leaving the amount in controversy entirely up to a jury at trial, rather than claiming any specific sums with factual bases. As with the caselaw regarding Defendant's specific counterclaims discussed above, Mr. Przybylowski similarly fails to cite any authority that directly supports his position, and instead simply makes the same conclusory statement regarding amount in controversy that failed in the first place.

### III. <u>LEAVE TO AMEND</u>

#### a. <u>Legal standard</u>

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings, with requested amendments falling outside the usual time for amending as a matter of course to be permitted "only with the opposing party's written consent or the court's leave… [which] should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this language of Rule 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Additionally, Fed. R. Civ. P. 16 requires that once the court has issued a scheduling order, the deadlines and requirements in that order "may be modified only for good cause." Fed.

5

R. Civ. P. 16(b). "Thus, 'despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.'" *Goldman v. Reddington*, No. 18-CV-03662-RPK-ARL (E.D.N.Y. Apr. 21, 2021), ECF No. 116 at 4. (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

Whether the court will find "good cause" and grant such untimely leave to amend "depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. *See also Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). "A party has not acted diligently where the proposed amendment to the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended." *Ahmed v. Astoria Bank*, No. 14-CV-04595-JBW (E.D.N.Y. July 16, 2015), ECF No. 40 at 6 (citing *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F.Supp. 2d 453, 457 (S.D.N.Y. 2012); *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-03749-KMW-DF (S.D.N.Y. Aug. 14, 2009), ECF No. 104 (collecting cases), *aff'd*, No. 05-CV-03749-KMW-DF (S.D.N.Y. Oct. 27, 2009), ECF No. 108) (internal quotation marks omitted). While the "primary consideration" for an analysis of good cause is "whether the moving party can demonstrate diligence," it is not the only one; the court may also, "in the exercise of its discretion under Rule 16(b),… consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the non-movants]." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Accordingly, "[g]ood cause is not present when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Goldman*, ECF No. 116 at 5 (quoting *Williams v. Town of Hempstead*, No. 16-CV-01992-ADS-AYS

(E.D.N.Y. Oct. 18, 2017), ECF No. 78 at 5). Moreover, "law office failure or attorney error is not a basis of good cause." *Goldman*, ECF No. 116 at 5 (quoting *Williams*, ECF No. 78 at 7); *see also Williams*, ECF No. 78 at 7 (finding that "counsel's inability to keep track of this Court's deadlines on multiple occasions only enhances the [non-movant's] claims that the [movant] lacks good cause").

> b. **Pursuant to Fed. R. Civ. P. 15, the applicable case law, and the specific procedural history of this case, Defendant's counterclaims must be dismissed with prejudice and the defendant denied any leave to amend.**

While Mr. Przybylowski has not filed an actual motion for leave to amend his counterclaims, his opposition essentially asks this Court for leave to amend by requesting that any dismissal be without prejudice, and by citing one fragment of the standard for leave to amend. ECF No. 32 at 14.

Mr. Przybylowski plainly does not meet the standards for diligence and good cause as required to be granted leave to amend his pleadings at this late stage, and therefore any request or later motion for leave to amend must be denied, and his counterclaims dismissed with prejudice.

The primary facts giving rise to Defendants' counterclaims—namely, that Plaintiff filed the present lawsuit against him and that he was fired by Pomerantz LLP as a result—have been known since May 23, 2025, and October 13, 2025, respectively. The Scheduling Order has been issued in this case for nearly two months, ECF No. 24, and it provides a deadline of December 26, 2025, for parties to file amendments to pleadings. Mr. Przybylowski agreed to this deadline via counsel not only in email correspondence with the plaintiff in early November, but also in open court at the IPTC on November 25, 2025.

This court was quite clear with the parties at the IPTC in November that it would not extend final discovery deadlines absent truly extraordinary circumstances—and at no time during

7

that IPTC did counsel for Mr. Przybylowski mention that he was preparing to file multiple counterclaims (counterclaims that were filed only 10 days later). That Plaintiff has had to respond to these counterclaims (and during the Christmas holidays no less) has already delayed progress in this case sufficiently so as to necessitate pushing mediation months out from when was originally contemplated at the IPTC and as originally requested by the defendant himself. There is simply no compelling reason for Defendant to have withheld his intention to file counterclaims given that he had all the relevant facts as of October 13, 2025, other than to prolong this litigation and harass the plaintiff.

  Additionally, and further evincing Defendant's bad faith in this matter, is the fact that, in his motion to vacate the entry of default, Mr. Przybylowski relied on the fact that "accompanying this motion is Defendant's [First] Proposed Answer. Therefore, there has only been a four-day delay in Plaintiff receiving Defendant's Answer." ECF No. 14-1 at 4. As such, Mr. Przybylowski essentially relied on one argument and one proposed answer to support one motion, before turning around and making wholly inconsistent arguments as he seeks to counter-sue the plaintiff with baseless claims.

  Mr. Przybylowski cannot demonstrate diligence because not only was all the information pled in his Second Proposed Answer available to him at the time of filing his First Proposed Answer, but there is certainly no additional information relevant to his baseless counterclaims that the defendant has not already known at the time of *all* prior pleading deadlines in this case (with the exception of his initial deadline to answer of October 10, 2025). Furthermore, Defendant's own *agreement* to the December 26, 2025, deadline over a lengthy period of time, especially when combined with the additional procedural history of the case, make clear he does not meet the standards for diligence or good cause.

Moreover, while law firm or attorney error may constitute "good cause" for vacatur of an entry of *default*, it is expressly <u>not</u> a basis for good cause in the context of leave to amend, and in fact weighs against such a finding. *See Goldman*, ECF No. 116 at 5; *Williams*, ECF No. 78 at 7.

Finally, in addition to the defendant's failure to exercise appropriate diligence, the prejudicial effect that granting leave to amend would have on the plaintiff weighs further against permitting Mr. Przybylowski to amend his pleading, and thus necessitates dismissing all counterclaims with prejudice. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Plaintiff here extended Defendant the opportunity to first file a responsive pleading when she quickly signaled her lack of opposition to his motion to vacate the entry of default properly entered against him. Defendant then filed a First Proposed Answer on October 14, 2025 (one day after he states he was fired by Pomerantz), and then filed an entirely different, Second Proposed Answer containing counterclaims on December 5, 2025, after this Court granted his motion to vacate the default. Mr. Przybylowski then chose not to amend his pleading again by the December 26, 2025, deadline that *he himself agreed to*. In short, Mr. Przybylowski has had <u>four</u> opportunities to file a responsive pleading to Plaintiff's complaint—which was filed nearly eight months ago—and it would be highly prejudicial to the plaintiff to allow him any more.

As Plaintiff noted in her memorandum in support of her motion to dismiss, it seems possible that Mr. Przybylowski may have filed these counterclaims simply for the purposes of gaining an opportunity to write out a false counter-narrative that becomes a part of the public record of this case. ECF No. 30 at 14. Ironically, the denial of Mr. Przybylowski's request for anonymity elicited the interest of the legal media,[1] and Plaintiff believes Mr.

---

[1] *See* Tatyana Monnay, *Ex-Pomerantz Associate Accused of Rape Is Denied Anonymity*, BLOOMBERG NEWS (Dec. 16, 2025), available at: https://news.bloomberglaw.com/business-and-practice/ex-pomerantz-associate-denied-anonymity-in-rape-suit-against-him.

9

Przybylowski will embellish the lies in his counterclaims even further if he believes that doing so might have any effect on rehabilitating his reputation or scaring the plaintiff into dropping her claims. Yet Defendant has not pled facts that would support his claims—because they do not exist. He should not be given the opportunity to fabricate further.[2]

## IV. CONCLUSION

For the reasons set forth above, Defendant's counterclaims must be dismissed with prejudice and the defendant denied any leave to amend. These counterclaims represent a shameful and legally baseless attempt to harass a *pro se* rape victim for daring to seek redress for the ways Mr. Przybylowski's assault forever altered and damaged her life.

---

[2] In addition to misleading and deceptive conduct Plaintiff has pointed out previously, *see* ECF No. 19, Defendant's ever-shifting proffered explanations for Plaintiff's motives for bringing this case underscore his willingness to lie and change his story. These proposed motivations for making "false allegations" have included "personal animus," ECF No. 14-1 at 5; a "vendetta against Defendant," ECF No. 32 at 5; "[u]pon learning that Defendant was not interested in pursuing a romantic relationship, Plaintiff… became upset and began a deliberate campaign to spread false allegations," ECF No. 32 at 6; that Plaintiff "has attempted to coin herself as an advocate for women's rights" and "has only brought allegations of assault against Przybylowski in an attempt to bolster her advocacy credibility," Second Prop. Ans. at ¶ 145; and that Plaintiff's "legal career has not materialized as expected after graduating from Harvard University, and accordingly, Finley has brought this case *seven years later* to attempt to place blame for her career and to obtain a payoff from Przybylowski, whom Finley knows was a successful lawyer," Second Prop. Ans. at ¶ 148.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document and attachments were filed via email to the Pro Se Intake Unit on January 21, 2026, pursuant to the *Full Instructions for Filing a New Case Pro Se* (available at: https://www.nysd.uscourts.gov/prose) and the *Service Guide in Pro Se Cases Where Fees Have Been Paid* (available at: https://www.nysd.uscourts.gov/forms/service-guide-pro-se-cases-where-fees-have-been-paid), thereby effectuating service upon Defendant's attorneys via ECF.

Dated January 21, 2025

By: _____
Isabel P. Finley
27 Pine Ridge Road.
Underhill, VT 05489
ifinley@jd19.law.harvard.edu
(646) 402-5067

**CERTIFICATE OF WORD COUNT IN COMPLIANCE WITH LOCAL RULE 7.1(c)**

I hereby certify that pursuant to Local Rule 7.1(c), the total number of words in the above Reply to Defendant's Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaims for Tortious Interference with Contract and Intentional Infliction of Emotional Distress is 3,314, exclusive of the caption, table of contents/authorities, signature blocks, and required certificates, and inclusive of any footnotes and endnotes.

Dated January 21, 2025

By: _____
Isabel P. Finley
27 Pine Ridge Road.
Underhill, VT 05489
ifinley@jd19.law.harvard.edu
(646) 402-5067