

**NESENOFF & MILTENBERG**

New York | Boston

Ira S. Nesenoff
Andrew T. Miltenberg
Stuart Bernstein
————————————
Tara J. Davis
Gabrielle M. Vinci
Kara L. Gorycki

Barbara H. Trapasso
Kristen E. Mohr
Helen J. Setton
Kirsten E. Roy
Brittany E. Bard

Adrienne D. Levy
Regina M. Federico
Kimberly S. Courtney
*Senior Litigation Counsel*

Marybeth Sydor
*Title IX Consultant*

ATTORNEYS AT LAW
_____
**nmllplaw.com**

**June 17, 2026**

**VIA ECF**

Hon. Jeannette A. Vargas
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Finley v. Przybylowski, Case No. 1:25-cv-04383-JAV**

Dear Judge Vargas:

Defendant Thomas Przybylowski, by his undersigned counsel, respectfully submits this letter in support of the parties' Joint Motion to Seal Case Docket and Case Caption and moves this Court pursuant to Section 10.C of Honorable Jeannette A. Vargas' Individual Rules for an order sealing the entire Court record and replacing Plaintiff's name with the pseudonym "Jane Doe" and Defendant's name with the pseudonym "John Doe" on the docket.

The parties have jointly moved for dismissal simultaneously with the filing of the Motion to Seal Case Docket and Case Caption. Accordingly, Defendant respectfully submits that sealing the record and substituting pseudonyms is warranted under the circumstances presented here.

## I.   Legal Standard

Courts "have long recognized the 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "The 'right to inspect and copy judicial records is not absolute,' however, and a court may exercise its 'supervisory power over its own records and files' to deny access 'where court files might have become a vehicle for improper purposes.'" *Id.* (quoting *Nixon*, 435 U.S. at 598, 98 S.Ct. 1306). As the filings on the docket are judicial documents, there is a presumption of access secured by the First Amendment and the common law. *Id.* at 141.

Under the First Amendment, those proposing sealing need to demonstrate that closure is necessary to preserve higher values and is narrowly tailored to serve that value. *Id.* at 144. Under



the common law, "the presumption is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts, balanced against competing considerations such as privacy interests of those resisting disclosure." *Id*. at 142. Thus, regardless of whether the First Amendment or the common law is considered, both tests envision a balance of public interests in an open judiciary versus private interests in maintaining the privacy of personal concerns.

## II.    Good Cause to Seal the Record Has Been Demonstrated

Sufficient grounds to seal the record have been demonstrated. First, as noted above, the parties have filed a Joint Motion to Seal Case Docket and Case Caption as well as a Stipulation of Voluntary Dismissal. As such, the case has been resolved in its entirety. Because the matter has been fully resolved, sealing would not impede public monitoring of future judicial proceedings or adjudicative decision-making. Although portions of the record have previously been publicly accessible, continued public availability perpetuates the privacy harms associated with disclosure of the parties' identities and the highly sensitive allegations underlying the action despite resolution. Defendant therefore seeks prospective protection from ongoing and future dissemination of that information.

Second, the parties' privacy interests substantially outweigh the presumption of public access. The parties' claims for relief by their very nature contain details of a highly sensitive and intimate nature. Disclosure of the parties' identities would itself reveal or facilitate discovery of the sensitive subject matter underlying this action, thereby frustrating the very privacy interests the requested relief is intended to protect. *See Doe v. Colgate Univ*., No. 15-CV-1069 (LEK) (DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) (permitting pseudonymous litigation where disclosure would reveal highly sensitive personal matters). Defendant does not simply highlight that further disclosure of their names would result in public humiliation or embarrassment. Rather, Defendant highlights the extremely sensitive nature and privacy issues that could be associated with the entire case record remaining on the public docket.

It is important to note that this is not the type of case, like *Bernstein*, which involves allegations as to public corruption, which are of obvious interest to the general public. Rather, this case consists of allegations which are both highly sensitive and uniquely private to the parties. Therefore, the public's interest in maintaining the open nature of this action is limited to its interest in maintaining the openness of any action and there is no further interest specific to this case.

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188



Although judicial decisions approving the sealing of an action are by their very nature sealed, the Federal Judicial Center conducted a study, published on October 23, 2009, available at https://www.uscourts.gov/sites/default/files/sealed-cases.pdf ("*Sealed Cases in Federal Court*"), where they examined any case filed in 2006 and sealed entirely to determine the reason for which the actions were sealed. Included within the section headed "Other Cases Sealed Because the Parties Wanted Them Sealed," is the following:

> Employment action dismissed as settled and permanently sealed. The complaint alleges a pattern of unwanted sexual advances. On stipulated dismissal, the judge issued an order permanently sealing the record "upon the request and stipulation of the parties, and for good cause shown." According to the judge, the pleadings and settlement agreement included explicit and personal material, so the parties requested the matter sealed.

*Sealed Cases in Federal Court* at 13. The study reflects that courts have, in appropriate circumstances, approved sealing requests in matters involving highly personal, intimate, and reputational interests. *See id.* at 9, 13. As one judge concisely explained his or her decision to seal a case, "[o]nly a single individual's rights and interests were at stake and at interest. No general public issue was involved. Those private rights were vindicated. Accordingly, I entered an appropriate order." *See id.* at 12.

Here, the interests at stake are purely private and belong solely to the parties. This private interest stands in significant contrast to the lack of any general public issue. Less restrictive alternatives have been considered, including redaction of selected filings. Those alternatives would not adequately protect the privacy interests at issue because the parties' identities and the sensitive allegations are intertwined throughout the pleadings, motion papers, and docket entries. Redaction would therefore require extensive alteration of virtually every substantive filing while still permitting identification of the parties through the context of the allegations. Accordingly, sealing the record and replacing the parties' names with pseudonyms is the narrowest practical means of protecting the privacy interests at stake.

### III.    Conclusion

For the reasons stated above, Defendant respectfully request an order: (1) sealing the docket and all filings in this action; (2) directing the Clerk of Court to replace Plaintiff's name



with "Jane Doe" and Defendant's name with "John Doe" on the docket and caption; and (3) granting such other and further relief as the Court deems just and proper.

NESENOFF & MILTENBERG, LLP

By: /s/ Andrew T. Miltenberg, Esq.
Andrew T. Miltenberg, Esq.
*Counsel for Defendant*

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188