UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                             :

ISABEL P. FINLEY,                          :

                             :

             Plaintiff,             :

                             :       25-CV-04383 (JAV)

        -v-                   :

                             :     MEMORANDUM OPINION

THOMAS H. PRZYBYLOWSKI,     :        AND ORDER

                             :

            Defendant.       :

                             :
------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

Earlier in this action, the Court denied Defendant's contested motion to proceed by pseudonym because his interest in doing so was outweighed by the public interest and prejudice to Plaintiff. *See generally* ECF No. 28 ("Opinion" or "Op."). The Court presumes familiarity with the Opinion, including all relevant facts and legal standards set forth therein.

The parties privately reached a final settlement agreement on June 11, 2026, and thereafter jointly filed a motion to retroactively pseudonymize the record and to seal the case docket and caption. ECF No. 42 ("Mot." or "Motion"). Defendant has filed a memorandum in support of the Motion, which further requests that the Court "seal[] the entire Court record" and "replac[e] Plaintiff's name with the pseudonym 'Jane Doe'" and "Defendant's name with the pseudonym 'John Doe.'" ECF No. 44 ("Mem."). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are

judicial documents, that is, is "the item filed . . .relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.* at 120.

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (citation omitted).

The parties seek to seal the entirety of the docket. The documents on the docket, which include the complaint, Defendant's answer and cross-claims, Defendant's prior motion to seal the docket and the Court's ruling on that motion, other orders issued by this Court, and the parties' motions to dismiss, are "quintessential judicial documents" subject to the presumption of public access. *Timothy Coffey*, 2022 WL 445533, at *3. To evaluate this request, the Court must therefore review each document that appears on the docket "individually and produce specific,

on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019); *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (holding that docket sheets enjoy a presumption of openness that can only be overcome by a finding that sealing is necessary to preserve higher values and is narrowly tailored to serve that interest); *Cont'l Indem. Co. v. Timothy Coffey Nursery/landscape, Inc.*, No. 21-CV-0853 (JS) (JMW), 2022 WL 445533, at *3 (E.D.N.Y. Feb. 14, 2022) (denying motion to seal entire civil docket following a settlement and examining each document on docket to determine if sealing is appropriate).

The Motion contends that, in light of the parties' settlement, "sealing would not impede public monitoring of future judicial proceedings or adjudicative decision-making." ECF No. 44 at 2. Yet the motion to seal the docket in its entirety would have the Court shield from public view decisions already rendered by this Court, which are at the core of the performance of the judicial function. The parties' privacy interests are insufficient to justify the sealing of judicial orders and opinions.

Nor would it be appropriate under the *Sealed Plaintiff* factors to retroactively anonymize the parties by permitting them to refile documents using pseudonyms. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The Court is sympathetic to the parties' strong privacy interests, which in light of their joint application outweigh risk of prejudice to either party or frustration of the public interest at this juncture. Yet the seventh *Sealed Plaintiff* factor, the public nature of the parties' identities up until this point, prevents their anonymity as a practical matter. The refiling of party submissions under pseudonyms, or even of judicial opinions and orders, would not alter the footprint of this case on legal research databases, blogs, and news outlets. The parties have not submitted, and the Court cannot locate, a single example

of a precedent where the Court undertook to permit parties to proceed under pseudonyms when their identities have long been available to the public.

Certain documents on the docket that play less of a role in the Court's exercise of judicial power can be sealed to preserve the parties' privacy interests, however.  Although the parties' identities and their association with the claims in this lawsuit might be generally available to the public, the highly detailed allegations in the pleadings and motion papers may be made less accessible to the public.  Sealing those documents serves the higher interest of protecting the parties from the compounding harm of allowing highly sensitive private information to continue to be available.

Accordingly, the parties' Motion is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to seal ECF Nos. 1, 14, 15, 16, 19, 20, 27, 30, 32, and 33.  The Clerk of Court is further directed to terminate ECF No. 42.

SO ORDERED.

Dated: July 10, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4